[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10623
Non-Argument Calendar
_____

D.C. Docket No. 1:99-cr-00072-WBH-JFK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES CALVIN BROOKS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(October 31, 2012)

Before TJOFLAT, CARNES, and KRAVITCH, Circuit Judges.

PER CURIAM:

James Brooks appeals his sentence of 8 months imprisonment, followed by 28 months supervised release, imposed under 18 U.S.C. § 3583, after the revocation of his original term of supervised release.  Brooks contends for the first time on appeal that he is entitled to credit for the 7 months he served on his original term of supervised release before the revocation.  He concedes that the language in § 3583(e)(3) does not authorize such credit.  He argues, however, that this language applies only to revocations based on new felonies and not to the misdemeanor or other "technical" violations that led to his revocation.  He also contends that his sentence is substantively unreasonable.

We review only for plain error sentencing issues raised for the first time on appeal.  United States v. Doe, 661 F.3d 550, 567 (11th Cir. 2011).  "Before an error is subject to correction under the plain error rule, it must be plain under controlling precedent or in view of the unequivocally clear words of a statute or rule; it must have adversely affected the outcome of the proceedings; and it must be such that the failure to correct it would seriously affect the fairness, integrity or public reputation of judicial proceedings."  United States v. Lett, 483 F.3d 782, 790 (11th Cir. 2007).

Section 3583(e)(3) provides that "the court may revoke a term of supervised release . . . without credit for time previously served on postrelease supervision . . .

2

." 18 U.S.C. § 3583(e)(3) (emphasis added).  We have held that the plain language of that provision and the intent of Congress dictate that a defendant is not entitled to credit for pre-revocation time served on supervised release.  United States v. Gresham, 325 F.3d 1262, 1268 (11th Cir. 2003).  That holding applies regardless of the type of violation of supervised release conditions that leads to the revocation.  The district court did not commit any error, plain or otherwise, by not crediting Brooks with the 7 months of supervised release that he had already served before the revocation.

Brooks next contends that his sentence is substantively unreasonable.  He argues that the additional 7-month term of supervised release is unnecessary because a halfway house is sufficient to satisfy the 18 U.S.C. § 3553(a) factors.  We review for abuse of discretion the reasonableness of a sentence imposed after revocation of supervised release.  United States v. Cunningham, 607 F.3d 1264, 1266 (11th Cir. 2010).  The party challenging the sentence bears the burden of establishing that it is unreasonable in light of the record and the § 3553(a) factors.[1] United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).  We will vacate the sentence only if left with the definite and firm conviction that the district court

---

[1] The district court must consider the sentencing factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B)–(D), and (a)(4)–(7) when sentencing a defendant upon revocation of supervised release.  18 U.S.C. § 3583(e).

3

committed a clear error of judgment in weighing the § 3553(a) factors by imposing a sentence that lies outside the range of reasonable sentences dictated by the facts of the case.  United States v. Irey, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc). Although we do not automatically presume that a sentence within the guidelines range is reasonable, we ordinarily expect it to be.  United States v. Hunt, 526 F.3d 739, 746 (11th Cir. 2008).

The district court sentenced Brooks to 8 months imprisonment, which is at the low end of his 8 to 14-month guidelines range, with 28 months supervised release to follow.  That sentence is substantively reasonable in light of the record and the § 3553(a) factors.  Brooks concedes that he violated conditions of his supervised release by consuming alcohol and drugs and failing to undergo required mental health and substance abuse counseling.  The district court noted that it is in the public's interest for Brooks to continue on supervised release after his imprisonment term and in Brooks' best interest to serve a period of halfway house confinement as a condition of that release.  The district court did not abuse its discretion in fashioning Brooks' sentence.

**AFFIRMED.**