[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-13334
Non-Argument Calendar

_____

D.C. Docket No. 8:96-cr-00072-JDW-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

GENE TATUM,
a.k.a. Dois Gene Tatum, Jr.,
a.k.a. Chip Tatum,

Defendant - Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 5, 2013)

Before TJOFLAT, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Gene Tatum appeals a 25-month term of supervised release, set to follow an unchallenged 11-month term of imprisonment, which the district court imposed upon revocation of an original term of supervised release.  He argues the term is substantively unreasonable.  For the reasons that follow, we affirm.

Tatum was convicted in 1996 of an embezzlement conspiracy.  In 1998, we vacated Tatum's original sentence, *United States v. Tatum*, 138 F.3d 1344 (11th Cir. 1998), and the district court scheduled resentencing.  Unbeknownst to the court, however, Tatum had absconded months before.  He remained at large until he was arrested in Panama in 2003.  When he at last appeared at his resentencing hearing, Tatum received 14 months' imprisonment to be followed by 3 years' supervised release.  He did not appeal.

In April 2004, Tatum began supervised release.  But by November of that year, he had once again absconded, this time to Colombia.  Although a warrant for his arrest issued in 2005, Tatum remained a fugitive until 2012 when he voluntarily surrendered to authorities in Colombia.  The United States Probation Office then petitioned the district court for revocation of Tatum's supervised release based on his unauthorized travel, failure to report, and failure to notify probation of changes in residence and employment in 2004 and 2005.[1]  The allegations subjected Tatum

---

[1] Although Tatum's term of supervised release had expired long before 2012, the district court retained revocation jurisdiction because the 2005 warrant alleged supervised-release violations before expiration of the term.  *See* 18 U.S.C. § 3583(i).

2

to a guidelines range of 5 to 11 months' imprisonment and a new term of up to 5 years' supervised release.

At his revocation hearing, Tatum admitted the alleged supervised-release violations. The district court revoked Tatum's supervised release and sentenced him to 11 months' imprisonment to be followed by 25 months' supervised release. Tatum objected to the reasonableness of the supervised-release term, citing his extensive military service, which included service in Vietnam. The district court overruled the objection, and this appeal followed.

We review for an abuse of discretion the reasonableness of a sentence imposed after revocation of supervised release. *United States v. Cunningham*, 607 F.3d 1264, 1266 (11th Cir. 2010). The party challenging the sentence bears the burden of establishing that the sentence is unreasonable in light of the record and the 18 U.S.C. § 3553(a) sentencing factors. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). "The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court . . . ." *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007) (internal quotation marks omitted).

Tatum contends that the district court abused its discretion by failing to adequately consider his military service. He emphasizes that, while serving in combat in Vietnam, he was captured and tortured by enemy forces, an experience that caused enduring physical and psychological challenges. And he cites *Porter v.*

3

*McCollum*, 558 U.S. 30 (2009), and *United States v. Kimbrough*, 552 U.S. 85 (2007), for the proposition that, as a veteran, he deserves leniency.

Although Tatum's courageous sacrifice is undoubtedly worthy of consideration, we cannot say the district court abused its discretion in concluding that his service was "not an excuse" for his transgressions. Here, the district court considered the § 3553(a) factors, finding that the sentence imposed reflected the seriousness of Tatum's conduct, promoted respect for the law, protected the public, and acted as a deterrent. The court, as a result, imposed a within-guidelines term of supervised release. We ordinarily expect a within-guidelines sentence to be reasonable, although it is not automatically so. *See United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008). And the decision to impose a within-guidelines term of supervised release in this case does not conflict with *Porter*, in which the Supreme Court simply held that counsel's failure to present mitigating evidence of a defendant's background was a basis for an ineffective-assistance claim. 558 U.S. at 452-53, 455-56. The same is true for *Kimbrough*, in which the Supreme Court simply noted with approval the use of a defendant's military service as a mitigating factor at sentencing. 552 U.S. at 110. The district court in this case considered Tatum's military service but found other § 3553(a) factors weighed more heavily, a decision well within the court's discretion. *See Clay*, 483 F.3d at 743.

4

Considering Tatum's tendency to wander, the district court's decision to impose a

25-month supervised-release term was not an abuse of discretion.

**AFFIRMED.**