[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-13989
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 28, 2010
JOHN LEY
CLERK

D. C. Docket No. 04-00067-CR-HLM-2-4


UNITED STATES OF AMERICA,

                                                            Plaintiff-Appellee,

                          versus

R. SCOTT CUNNINGHAM,

                                                            Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(May 28, 2010)

Before BLACK, HULL and ANDERSON, Circuit Judges.

PER CURIAM:

R. Scott Cunningham raises two issues on appeal. Only one issue warrants our substantial consideration.[1] The constitutionality of 18 U.S.C. § 3583(e)(3) is a matter of first impression in our Circuit. Other Courts of Appeals considering the issue have upheld § 3583(e)(3) as constitutional. We agree and hold § 3583(e)(3) is constitutional under the Fifth and Sixth Amendments.

## I. BACKGROUND

In 2005, Cunningham was convicted by a federal jury of two counts of conducting monetary transactions over $10,000 in criminally derived property, in violation of 18 U.S.C. §§ 1957 and 2, and one count of conspiracy to commit money laundering, in violation of 18 U.S.C. §§ 1956 and 2. The district court sentenced him to 24 months' imprisonment followed by 3 years' supervised release as to each count, to run concurrently. After serving his sentences, Cunningham was released from custody in April 2008. His projected date for completion of supervised release was April 2011.

In June 2009, a United States probation officer sought revocation of Cunningham's supervised release pursuant to § 3583(e)(3), alleging Cunningham violated the terms and conditions of his release by engaging in unapproved

---

[1] One issue is meritless. Cunningham argues the district court judge who presided over both his criminal trial and his revocation hearing was inappropriately privy to evidence barred by Federal Rule of Evidence 404(b) during his trial and that the judge relied on this evidence in revoking his supervised release. His claim is unsupported by the record.

employment, giving false statements and reports to his probation officer, and associating with an individual engaged in criminal activity. Cunningham filed a motion seeking a jury trial and argued § 3583(e)(3) was unconstitutional because it resulted in a term of imprisonment unauthorized by facts found by a jury beyond a reasonable doubt.

At the commencement of the revocation hearing, the district court denied Cunningham's motion for a jury trial. During the hearing, three witnesses, one of whom was called by Cunningham, testified about his conduct during his term of supervised release. Cunningham's counsel cross-examined the Government's witnesses and questioned his own witness on direct examination. The district court found by a preponderance of the evidence that Cunningham made false statements to a probation officer regarding his employment, which constituted a violation of 18 U.S.C. § 1001 and a Grade B violation of his supervised release. Based on this violation and Cunningham's criminal history category of I, the district court noted an advisory guidelines range of 4 to 10 months' imprisonment was recommended. After considering arguments from both parties and the 18 U.S.C. § 3553(a) factors, the district court imposed a 4-month sentence followed by 30 months' supervised release.[2]

---

[2] Although Cunningham broadly challenges the district court's power to revoke supervised release and impose a sentence, he does not specifically challenge his 4-month

3

## II.  STANDARD OF REVIEW

We generally review a district court's revocation of supervised release for an abuse of discretion.  *United States v. Frazier*, 26 F.3d 110, 112 (11th Cir. 1994).  However, "[c]hallenges to the constitutionality of a statute are reviewed *de novo*."  *United States v. Rozier*, 598 F.3d 768, 770 (11th Cir. 2010) (per curiam).

## III.  DISCUSSION

Section 3583(e)(3) permits a district court to "revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release" upon a finding "by a preponderance of the evidence that the defendant violated a condition of supervised release."  18 U.S.C. § 3583(e)(3).  Cunningham argues additional imprisonment imposed under § 3583(e)(3) constitutes a violation of due process under the Fifth Amendment and the right to a jury trial under the Sixth Amendment, as interpreted by *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000), and *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004).

In *Apprendi*, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed

---

sentence as excessive.  Therefore, this issue is abandoned.  *See United States v. Jernigan*, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003) (deeming an issue abandoned when a defendant merely provides passing references to an alleged error in his brief).

statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490, 120 S. Ct. at 2362–63. *Blakely* clarified that "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*." 542 U.S. at 303, 124 S. Ct. 2537. Cunningham contends there is no principled basis to exempt § 3583(e)(3) from *Apprendi*'s mandates because the revocation of supervised release commonly results in substantial terms of incarceration unsupported by a jury's findings. Therefore, according to Cunningham, the district court violated the principles set forth in *Apprendi* and *Blakely* because this new term of imprisonment was not based on facts found by a jury beyond a reasonable doubt.

Pre-*Apprendi*, the Supreme Court held "the revocation of parole is not part of a criminal prosecution and thus the full panoply of rights due a defendant in such a proceeding does not apply." *Morrissey v. Brewer*, 408 U.S. 471, 480, 92 S. Ct. 2593, 2600 (1972). In *Johnson v. United States*, the Supreme Court reiterated that the Sixth Amendment right to a jury trial is not applicable during revocation proceedings because revocation of supervised release is treated "as part of the penalty for the initial offense." 529 U.S. 694, 700, 120 S. Ct. 1795, 1800 (2000). The *Johnson* Court went on to note that although violations of the conditions of

supervised release often lead to reimprisonment, "the violative conduct need not be criminal and need only be found by a judge under a preponderance of the evidence standard, not by a jury beyond a reasonable doubt." *Id*.

Neither the Supreme Court nor this Court has addressed whether, under *Apprendi* and *Blakely*, an individual is entitled to a jury trial and the reasonable-doubt standard of proof on the issue of whether he violated the conditions pertaining to his supervised release. Six other Courts of Appeals have considered the matter and declined to expand the rule of *Apprendi* and its progeny to supervised release revocation hearings.

As to the scope of one's Fifth and Sixth Amendment rights during the supervised release revocation process, the First Circuit has reasoned that although an individual who is subject to additional imprisonment pursuant to such revocation "must be accorded a suitable panoply of due process protections[,] . . . [t]he process that is due . . . does not encompass the full sweep of the Sixth Amendment's prophylaxis (such as a right to a jury trial on the facts of the alleged violation)" or the beyond-the-reasonable-doubt standard. *United States v. Work*, 409 F.3d 484, 492 (1st Cir. 2005).

The Second Circuit agreed, noting that "[b]ecause revocation proceedings generally have not been considered criminal prosecutions, they have not been

6

subject to the procedural safeguards, including the rights to trial by jury and to accusations proved beyond a reasonable doubt, associated with a criminal trial." *United States v. Carlton*, 442 F.3d 802, 807 (2d Cir. 2006). The Second Circuit acknowledged some tension between § 3583 and the Sixth Amendment rights articulated in *Apprendi* and *Blakely* due to "the unusual nature of a sentence imposed pursuant to § 3583(e)(3)—a sentence which is 'partly based on new conduct' yet authorized by the underlying conduct and conviction." *Id.* at 808-809. Despite this tension, the Second Circuit held the full panoply of procedural safeguards, including those due process rights articulated in *Apprendi* and *Blakely*, "does not attach to revocation proceedings because the Supreme Court has distinguished revocation proceedings from criminal prosecutions on the ground that a probationer *already stands convicted of a crime*." *Id.* at 809 (quotations omitted).

The Third, Fifth, Ninth, and Tenth Circuits have also rejected the argument that, based on *Apprendi* and its progeny, § 3583(e)(3) violates a defendant's rights to a jury trial and proof of his guilt beyond a reasonable doubt. *See United States v. Dees*, 467 F.3d 847, 854-55 (3d Cir. 2006) (holding defendant's rights under the Fifth Amendment's Due Process Clause were not violated by the use of the preponderance-of-the-evidence standard in finding a violation of his supervised

release); *United States v. Cordova*, 461 F.3d 1184, 1187-88 (10th Cir. 2006) (quoting *Carlton*, 442 F.3d at 809–810, in rejecting a Sixth Amendment challenge to § 3583(e)(3)); *United States v. Huerta-Pimental*, 445 F.3d 1220, 1225 (9th Cir. 2006) (affirming that there is no right to a jury trial or the reasonable-doubt evidentiary standard during supervised release revocation proceedings); *United States v. Hinson*, 429 F.3d 114, 119 (5th Cir. 2005) (holding the defendant was not entitled to a jury trial or the beyond-a-reasonable-doubt standard in proceedings to revoke supervised release).

In contrast to the defendants in *Apprendi* and *Blakely*, Cunningham stands already convicted of the underlying offenses of money laundering and conspiracy, and was granted only conditional liberty, the existence of which depends on Cunningham's observation of the limits of his supervised release. *See Cordova*, 461 F.3d at 1187-88; *Carlton*, 442 F.3d at 810; *Work*, 409 F.3d at 491–492. Cunningham was properly accorded the limited procedural safeguards to which he was entitled under § 3583(e)(3). *See Morrissey*, 408 U.S. at 488–89, 92 S. Ct. at 2604 (stating due process in revoking parole includes, *inter alia*, notice of the revocation hearing by a neutral decision maker and of what violations have been alleged, the parolee's right to speak on his own behalf and provide documentation or witnesses, the right to question adverse witnesses, and the right to receive

written reasons for the revocation); *United States v. Mitsven*, 452 F.3d 1264, 1266 n.1 (11th Cir. 2006) (explaining the analysis of the revocation proceedings relating to probation and supervised release is essentially the same). Cunningham was not entitled to a jury trial or to the beyond-a-reasonable-doubt standard at his revocation hearing.

Therefore, we hold § 3583(e)(3) does not violate the Fifth or Sixth Amendments because the violation of supervised release need only be proven by a preponderance of the evidence, and there is no right to trial by jury in a supervised release revocation hearing.

**AFFIRMED**.