[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-15938
Non-Argument Calendar
_____

D.C. Docket No. 2:09-cr-14012-DLG-2


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SPENCER ERVIN PRESTON,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 12, 2012)

Before HULL, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Spencer Preston appeals the revocation of his term of supervised release, 18

U.S.C. § 3583(e)(3).  On appeal, he argues that the district court abused its discretion in finding that he had violated the conditions of his supervised release. For the reasons set forth below, we affirm the district court's revocation of Preston's term of supervised release.

I.

In 2009, Preston pleaded guilty to maintaining a place for the purpose of manufacturing and distributing crack cocaine, in violation of 21 U.S.C. § 856(a)(1), and possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).  He was sentenced to a total term of imprisonment of 16 months, a total term of supervised release of 2 years, and a fine of $7,500.00.  The conditions of supervised release specified that Preston was not to commit another crime, "unlawfully possess a controlled substance," or distribute a controlled substance.  In 2011, Preston's probation officer filed a petition recommending that Preston's supervision be revoked because Preston had violated two Florida criminal statutes.  Specifically, he had committed the offenses of: (1) trafficking in Roxicodone, a controlled substance; and (2) possessing cocaine with the intent to sell.

The magistrate judge held a hearing on the petition, at which William Jaques testified that he was a narcotics detective with the Martin County Sheriff's

2

Office.  Jaques had learned, from another detective, that an informant had stated that an individual would be driving a black pick-up truck on Palmetto Drive in Jensen Beach, the truck would leave a house at a specific time, and there would be crack cocaine and approximately 16 pills in the bed of the truck.  Jaques and other officers conducted surveillance of the house on August 25, 2011, and Jaques saw a black truck pull away from the house at the time the informant had specified.  He had not seen Preston or anyone else place anything in the truck bed.  Jaques performed a traffic stop and asked Preston to step out of the truck.  Jaques searched the truck and noticed a rain gutter in the truck bed.  After looking at the gutter a few times, Jaques eventually found a brown paper bag inside the gutter. Inside the bag were 66 Roxicodone pills, approximately 3.5 grams of hard cocaine, and a small bag of powder cocaine.  The Roxicodone pills were in a prescription bottle with no label, and Preston did not have a prescription for the pills with him at the time.  A number of items were tested for fingerprints, and no fingerprints were found on any of the tested items.  Jaques believed that the truck was registered to Preston Enterprises.

Preston argued that the government had proved that there were narcotics in the truck, but not that Preston had put the drugs there or knew that they were there. The lack of fingerprints on the items submitted for testing indicated that Preston

3

did not know the drugs were in the truck. Additionally, the informant had not identified Preston when providing information to the officers.

The magistrate stated that the government had not shown a violation of the conditions of supervised release beyond a reasonable doubt, but it had met its burden of establishing a violation based on the preponderance of the evidence standard. Although the government's case was weak as to Preston's knowledge of the narcotics, the informant had reliably informed the officers as to what drugs would be found and where they would be found. The magistrate could not speculate that someone else had planted the drugs in the truck. In a report and recommendation, the magistrate reiterated his finding that the government had met its burden of proof, but only barely. In support of his finding that the government had shown that the violations had occurred, the magistrate discussed the information provided by the informant, observing that the statements regarding the type of vehicle, types of drugs, and the location of the drugs was accurate. Thus, the magistrate recommended that the district court find that Preston had committed both violations.

Preston objected to the report and recommendation, arguing that the government had not met its burden of proof because there was no evidence that Preston knew that there were drugs in the bed of the truck. The informant had not

4

identified Preston, and the drugs were so well hidden that the officers did not find them when they first searched the rain gutter. Preston was never seen in contact with the items in the bed of the truck, and his fingerprints were not found on the items in the truck bed.

At the sentencing hearing, Preston reiterated his argument regarding his lack of knowledge of the drugs in the truck. He also noted that, although the truck was registered to his company, he was not the only person who used the truck. The district court found by a preponderance of the evidence that Preston had committed the violations. The court noted that the informant's statements were double hearsay, and the court normally would not give such statements significant weight. Here, however, the statements regarding the description of the truck, the time the truck left the house, and what drugs were in the truck turned out to be accurate. Preston, moreover, was operating the truck containing the narcotics. Additionally, there was no testimony contradicting the above facts. Thus, the court adopted the report and recommendation and revoked Preston's supervised release. The court then sentenced Preston to ten months' imprisonment and two years' supervised release.

## II.

We "review a district court's revocation of supervised release for an abuse

5

of discretion." *United States v. Cunningham*, 607 F.3d 1264, 1266 (11th Cir. 2010). This standard of review "recognizes the range of possible conclusions the trial judge may reach." *United States v. Frazier*, 387 F.3d 1244, 1259 (11th Cir. 2004) (*en banc*) (discussing the standard of review as it related to evidentiary issues). Thus, when reviewing for an abuse of discretion, "we must affirm unless we find that the district court has made a clear error of judgment, or has applied the wrong legal standard." *Id.* Under 18 U.S.C. § 3583(e)(3), a district court may revoke supervised release and impose a prison sentence when it finds by a preponderance of the evidence that the defendant violated a condition of his supervised release. *Cunningham*, 607 F.3d at 1266. The preponderance standard may be met if it is "more likely than not" that the defendant violated a condition of his supervised release. *See United States v. Cataldo*, 171 F.3d 1316, 1322 (11th Cir. 1999) (discussing the preponderance standard as it is applied to establishing a factual basis of a sentence).

The district court did not abuse its discretion in finding by a preponderance of the evidence that Preston had violated the conditions of his supervised release. *See Cunningham*, 607 F.3d at 1266. Detective Jaques testified that an informant had described a black pick-up truck that would leave a house on Palmetto Drive at a specific time containing crack cocaine and pills in the truck bed. Jaques saw a

truck matching the given description leave a house on Palmetto Drive at the time the informant said the truck would be leaving. Furthermore, the truck contained pills, hard cocaine, and powder cocaine, which corroborates the informant's statements that there would be crack cocaine and pills in the truck bed. As Preston was driving the truck, which was registered to his company, in the location and at the time when the informant stated the truck would have drugs in its bed, the district court's determination that it was "more likely than not" that Preston knew that the drugs were in the truck bed was within "the range of possible conclusions." *Cataldo*, 171 F.3d at 1322; *see also Frazier*, 387 F.3d at 1259. Thus, the court did not abuse its discretion in finding that Preston's knowledge of the drugs was established by a preponderance of the evidence.

For the foregoing reasons, we affirm the district court's revocation of Preston's term of supervised release.

**AFFIRMED.**