[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-12865
Non-Argument Calendar
_____

D.C. Docket No. 5:09-cr-00017-LGW-JEG-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAY WAYNE BURCH, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____
(January 10, 2013)

Before MARCUS, MARTIN and KRAVITCH, Circuit Judges.

PER CURIAM:

Jay Burch, Jr., appeals his 12-month sentence, imposed following revocation

of his supervised release based on the district court's findings that he had committed several traffic violations, failed to truthfully answer his probation officer's questions, and used alcohol in excess. On appeal, Burch argues that the district court abused its discretion in revoking his release because it improperly admitted a probation officer's hearsay statement in violation of United States v. Frazier, 26 F.3d 110 (11th Cir. 1994), and because there was insufficient evidence to support revocation.

After review of the record and careful consideration of the parties' briefs, we affirm Burch's sentence.

I.

Burch was convicted of possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1). On March 16, 2011, the district court sentenced him to a 37-month prison term to be followed by three years of supervised release. Burch ended his prison term and began serving the supervised release portion of his sentence on July 14, 2011.

On February 16, 2012, the United States Probation Office asked the district court for a warrant for Burch, alleging that he had violated the terms of his release. The Government alleged the following violations: 1) numerous traffic offenses, including speeding, driving with a suspended license, a seatbelt violation, and

2

reckless driving; 2) illegal possession of ammunition; 3) illegal possession of hypodermic needles;[1] 4) refusing to truthfully answer all inquiries from his probation officer; and 5) using alcohol excessively on several occasions.

At Burch's revocation hearing, U.S. Probation Officer Clayton Hester and Officer James Murray of the Folkston Police Department testified extensively about Burch's behavior.    Hester testified that on two occasions Burch had refused to tell him where he was going; that a routine home investigation had revealed that Burch had been away without notifying Hester for the better part of a week; and that Hester had dealt with Burch while Burch was intoxicated.

Murray testified that he performed a sobriety test on Burch as requested by Hester and found him to be "extremely intoxicated."    Murray also testified that he had seen Burch intoxicated two other times during his patrols.    Murray stated he had once stopped Burch for driving 101 miles per hour in a 55 mile per hour zone, only to learn that Burch did not have a valid driver's license.    Murray had arrested Burch for this offense.

Burch denied all of the allegations of Hester and Murray about his refusal to be forthcoming about his whereabouts and about his excessive drinking.    He admitted driving fast but argued that his speed was the unintentional result of test

---

[1] The government dropped this allegation before the close of the district court hearing.

3

driving a sports car.

Beyond his testimony about Burch's behavior, Hester also testified that he had received calls with information that Burch had obtained a firearm. The probation office responded by searching Burch's residence. At the revocation hearing, Burch's counsel objected on the ground that discussion of the telephone calls constituted improper hearsay evidence, but the district court responded "[h]earsay is proper at this proceeding." Hester explained that the telephone calls "in conjunction with erratic behavior" were the reason for the search of Burch's residence and that investigators recovered ammunition during the search.

After Burch and members of his family testified that the ammunition found at Burch's residence, the family home, did not belong to Burch, the government dropped that charged violation.

At the close of the hearing, the district court found, by a preponderance of the credible evidence, that Burch violated the terms and conditions of his release by speeding, driving with a suspended license, and driving recklessly; by failing to truthfully answer the probation officer's questions; and by using alcohol in excess on at least one occasion. The district court sentenced Burch to a term of 12 months' imprisonment followed by 18 months' supervised release. Neither party objected to the sentence. This appeal followed.

4

II.

Burch argues that the district court abused its discretion by revoking his release by allowing Hester to testify about telephone calls alleging Burch had ammunition at home without conducting the Frazier balancing test for hearsay.

We review a district court's decision to revoke supervised release for abuse of discretion. United States v. Velasquez Velasquez, 524 F.3d 1248, 1252 (11th Cir. 2008). A district court may revoke supervised release "upon a finding by a preponderance of the evidence that the defendant violated a condition of supervised release." United States v. Cunningham, 607 F.3d 1264, 1266 (11th Cir. 2010) (quotation marks omitted). Findings of fact at the revocation hearing are reviewed for clear error. See United States v. Almand, 992 F.2d 316, 318 (11th Cir. 1993). Here, the district court did not abuse its discretion in revoking Burch's release after admitting the evidence in question.

First, Hester's testimony about the phone calls was not improper hearsay. Hearsay is a statement made by an out of court declarant offered for the truth of the matter asserted. United States v. Baker, 432 F.3d 1189, 1203 (11th Cir. 2005); Fed. R. Evid. 801(c). Hester's statement that he had received phone calls reporting that there may have been a firearm at Burch's residence was not offered

5

to prove that there was a firearm at the residence, but rather to explain the reason for the search.    As this Circuit has held:

> [S]tatements by out of court witnesses to law enforcement officials may be admitted as non-hearsay if they are relevant to explain the course of the officials' subsequent investigative actions, and the probative value of the evidence's non-hearsay purpose is not substantially outweighed by the danger of unfair prejudice caused by the impermissible hearsay use of the statement.

United States v. Jiminez, 564 F.3d 1280, 1288 (11th Cir. 2009) (quoting Baker, 432 F.3d at 1209 n.7).   Where, as here, the finder of fact is the trial court, the risk of unfair prejudice caused by impermissible hearsay use is low, and admitting the statement was not error.

Second, even if we assume that the statement was hearsay, admitting it was not reversible error under Frazier.   Burch challenges testimony about a phone call saying he illegally possessed firearms.   In Frazier, this Court found harmless error where "the properly considered evidence overwhelmingly demonstrated that Frazier breached the terms of his supervised release." Frazier, 26 F.3d at 114.   Any purported hearsay statement about Burch's possession of a firearm was harmless because the government dropped the firearms related charge and Burch's supervised release was revoked for other reasons supported by the evidence.

### III.

Burch sets forth in his "Summary of the Argument" that the district court

6

abused its discretion because there was insufficient evidence upon which to base the revocation.   Because Burch does not argue this point anywhere else in his brief, it is waived under United States v. Jernigan, 341 F.3d 1273, 1284 n.8 (11th Cir. 2003) (finding that a party that had not argued an evidentiary issue in its brief but had only made "four passing references" to the issue in headings had waived the argument).

IV.

Burch has not met his burden of establishing that the district court abused its discretion.

**AFFIRMED.**