[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15659
Non-Argument Calendar
_____

D.C. Docket No. 8:03-cr-00359-SDM-TGW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TERRANCE FRANCIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(July 26, 2013)

Before MARCUS, JORDAN, and KRAVITCH, Circuit Judges.

PER CURIAM:

Terrance Francis appeals the district court's order revoking his term of supervised release and sentencing him to 30 months' imprisonment for violating the conditions of his supervised release. Mr. Francis argues that 18 U.S.C. §

3583(e)(3), which governs the revocation of supervised release, violates the Fifth and Sixth Amendments under the principles set out in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 542 U.S. 296 (2004), and *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821 (1994), because it permits defendants to receive a sentence of imprisonment and a new term of supervised release upon a finding made by a judge, not a jury, and by a preponderance of the evidence, not beyond a reasonable doubt.

Although we generally review a district court's revocation of supervised release for an abuse of discretion, we review *de novo* a constitutional challenge to a statute. *See United States v. Cunningham*, 607 F.3d 1264, 1266 (11th Cir. 2010). In relevant part, § 3583(e)(3) states that a district court may "revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release . . . if the court . . . finds by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3). In *Cunningham*, we held that "§ 3583(e)(3) does not violate the Fifth or Sixth Amendments because the violation of supervised release need only be proven by a preponderance of the evidence, and there is no right to trial by jury in a supervised release revocation hearing." *Cunningham*, 607 F.3d at 1268.

Mr. Francis concedes that our decision in *Cunningham* forecloses his argument. *See* Appellant's Brief at 10 n.5 ("Mr. Francis recognizes that this Court

2

rejected the argument in *Cunningham.* Thus, Mr. Francis is presenting this issue primarily for *en banc* or certiorari review."). We are bound to follow our prior binding precedent unless and until it is overruled by this Court *en banc* or by the Supreme Court. *See United States v. Vega-Castillo*, 540 F.3d 1235, 1236 (11th Cir. 2008). Because *Cunningham* has not been overruled by our Court *en banc* or by the Supreme Court, we affirm the district court's revocation of Mr. Francis' term of supervised release.

**AFFIRMED.**