[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-10554
Non-Argument Calendar

_____

D.C. Docket No. 8:98-cr-00283-SCB-1


UNITED STATES OF AMERICA

Plaintiff-Appellee,

versus

CHARLES DANA COMBS, II

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(December 6, 2013)

Before HULL, MARCUS, and JORDAN, Circuit Judges.

PER CURIAM:

Charles Combs, II, appeals the district court's determination that he violated

the terms of his supervised release by committing a new crime.  On appeal, Mr.

Combs argues that the district court erred by relying on inadmissible hearsay, not permitting him to present certain evidence and testimony at his revocation hearing, and not allowing him to rebut the contents of the transcript of his state court trial. After reviewing the record and the parties' briefs, we affirm.

## I

Because we write for the parties, we assume familiarity with the underlying facts of the case and recite only what is necessary to resolve this appeal.

In 1998, Mr. Combs pled guilty to bank robbery in violation of 18 U.S.C. § 2113(a) and use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). In addition to prison time, Mr. Combs was sentenced to 36 months of supervised release.

In July 2009, the United States Probation Office petitioned the district court for revocation of the term of supervised release because Mr. Combs had committed an armed bank robbery. The Probation Office later filed an amended petition stating that a state jury had found Mr. Combs guilty of robbery in connection with that offense.

Mr. Combs moved to continue his final revocation hearing. At the hearing on this motion, Mr. Combs denied his guilt with respect to the state bank robbery charge and expressed the desire to call witnesses and present exculpatory evidence at the revocation hearing that had not been before the state jury. The district court,

2

at Mr. Combs' urging, deferred ruling and reluctantly agreed to review the transcript of the state trial to place Mr. Combs' requests in their proper context. At a second hearing, the district court announced that it had reviewed the trial transcript and rejected Mr. Combs' requests on the ground that they amounted to re-litigation of the merits of the state trial. After allowing Mr. Combs to testify and considering evidence and testimony from the government, including a certified copy of Mr. Combs' state conviction, the district court revoked Mr. Combs' supervised release.

On appeal, Mr. Combs argues that the district court violated his due process rights by allowing into evidence a certified copy of his state court judgment of conviction, by denying him the ability to call witnesses and present exculpatory evidence, and by relying on the transcript of his state trial without affording him the opportunity to present rebuttal evidence.

## II

We review the district court's revocation of supervised release and evidentiary rulings for abuse of discretion. *See United States v. Cunningham*, 607 F.3d 1264, 1266 (11th Cir. 2010) (supervised release); *United States v. Baker*, 432 F.3d 1189, 1202 (11th Cir. 2005) (evidentiary rulings). We review constitutional questions *de novo*. *See United States v. Whatley*, 719 F.3d 1206, 1213 (11th Cir. 2013).

**A**

Mr. Combs first asserts that the district court erred in admitting into evidence a certified copy of his state conviction, which he argues constitutes inadmissible hearsay. "[T]he Federal Rules of Evidence do not apply to supervised release revocation proceedings." *United States v. Frazier*, 26 F.3d 110, 111 (11th Cir. 1994). Nevertheless, "the admissibility of hearsay is not automatic. Defendants involved in revocation proceedings are entitled to certain minimal due process requirements." *Id*. at 114 (citation omitted). Before it admits hearsay testimony, the district court must determine that the hearsay statement is reliable and must "balance the defendant's right to confront adverse witnesses against the grounds asserted by the government for denying confrontation." *Id*. (citation omitted). We have recognized that a certified copy of an underlying state conviction is proper evidence that the defendant violated a state law and therefore violated a condition of his supervised release. *See United States v. Hofierka*, 83 F.3d 357, 363 (11th Cir.), *modified on other grounds*, 92 F.3d 1108 (11th Cir. 1996).

Mr. Combs contends that the district court violated his due process rights when it relied on his certified conviction without first engaging in the balancing test set forth in *Frazier*. *See Frazier*, 26 F.3d at 114. Although the district court did not explicitly apply the *Frazier* balancing test, any error was harmless because

4

"the properly considered evidence overwhelmingly demonstrated that [Mr. Combs] breached the terms of his supervised release." *Frazier*, 26 F.3d at 114. Mr. Combs acknowledged that he had been convicted in state court and that he intended to appeal the conviction and, if necessary, institute collateral proceedings to challenge it. Because the evidence leaves no doubt that Mr. Combs was convicted and hence breached the terms of his supervised release, the district court did not violate his due process rights. *See Id.* 114.

## B

Mr. Combs next challenges the district court's refusal to allow him to present witnesses and exculpatory evidence to bolster his alleged innocence with respect to his state court bank robbery conviction. A defendant in a revocation proceeding is entitled to the opportunity to be heard, to present witnesses and documentary evidence, and to confront and cross examine adverse witnesses unless the court finds good cause not to allow confrontation. *See Morrissey v. Brewer*, 408 U.S. 471, 489 (1972) (setting forth minimum due process rights for parole revocation hearings).[1]  *See also* Fed. R. Crim. P. 32.1(b)(2) (requiring, among other things, that a defendant subject to a revocation hearing have "an opportunity to appear, present evidence, and question any adverse witness unless the court

---

[1] We have held that the due process protections set forth in *Morrissey* with respect to parole revocation extend to revocation of supervised release. *See United States v. Copeland*, 20 F.3d 412, 414 (11th Cir. 1994) (per curiam) ("The same protections granted those facing revocation of parole are required for those facing the revocation of supervised release.").

5

determines that the interest of justice does not require the witness to appear"). Notwithstanding these due process rights, however, "a supervised release revocation proceeding is not the proper forum in which to attack the conviction giving rise to the revocation." *Hofierka*, 83 F.3d at 363.

We find no error in the district court's conclusion that allowing Mr. Combs to present evidence and theories that he did not introduce at the state trial, and to submit testimony that he did not previously elicit, would amount to improper re-litigation of the state trial. Although Mr. Combs asserts his innocence, as is his right, and claims his state trial counsel's performance was deficient, he would do best to address these contentions through a direct appeal on the merits and, should that fail, collateral proceedings in federal district court, not by raising these issues in a revocation hearing. *See Id.*[2]

## C

Mr. Combs finally argues that the district court denied him due process when it relied on the transcript of his state trial in revoking his supervised release without allowing him to present mitigating evidence not included in that transcript. As an initial matter, the district court only agreed to consider the transcript at Mr. Combs' urging and with great reluctance. To the extent that Mr. Combs now faults the district court for relying on the transcript, his initial insistence that the district

---

[2] Mr. Combs' counsel, moreover, "obviously acknowledge[d] that it would not be an abuse of discretion for [the district] court to deny [Mr. Combs'] request[.]" D.E. 148 at 8.

court review it invited any error that may have been committed. *See United States v. Silvestri*, 409 F.3d 1311, 1327 (11th Cir. 2005) (invited error occurs where "a party induces or invites the district court into making an error.") (citation omitted). The district court, moreover, made clear that it did not consider the contents of the transcript as "necessary" for carrying the government's burden for establishing revocation, noting that the government carried its burden by introducing sufficient testimonial and documentary evidence that Mr. Combs was on supervised release at the time of the bank robbery and had been convicted of that robbery. *See* D.E. 161 at 69-70.

## III

The district court's revocation of Mr. Combs' supervised release is affirmed.

**AFFIRMED**.