[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14206
Non-Argument Calendar
_____

D.C. Docket No. 1:98-cr-00080-WKW-TFM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LARRY BROOKS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(September 22, 2014)

Before WILLIAM PRYOR, MARTIN, and FAY, Circuit Judges.

PER CURIAM:

Larry Brooks appeals the revocation of his supervised release and his

27-month sentence imposed, when his supervised release was revoked.  We affirm.

## I. BACKGROUND

In 1998, Brooks was convicted of distributing cocaine, in violation of 21 U.S.C. § 841(a)(1), and was sentenced to 170 months of imprisonment and 5 years of supervised release. Brooks served his term of incarceration and began serving supervised release on April 22, 2011. The terms of his supervised release prohibited Brooks from committing another federal, state, or local crime. He also was prohibited from possessing or unlawfully using any controlled substances.

On July 9, 2013, Officer Daniel Stowe of the Enterprise Police Department received information from a confidential informant ("CI") that Brooks was in possession of cocaine. The CI then participated in three controlled purchases of cocaine from Brooks and recorded two of the purchases with audio and video equipment. The videos did not picture Brooks's face, but they showed the controlled buys had occurred in an area behind Brooks's residence, near a dog house and a weight bench. Enterprise Police Officer Darrell Griswold also recognized Brook's voice, and the CI could be heard using Brooks's nickname, "Dark Side," on the recording. ROA at 242-43.

Officers obtained a warrant to search the area near the dog house and weight bench. During the search, officers found crack cocaine, a small amount of marijuana, and a digital scale. Officers also discovered Lester Magwood, a known user of crack cocaine, on the hill behind Brooks's residence. Officers found a

2

"push rod," a device used to push crack cocaine through a pipe, and a razor blade with cocaine residue near Magwood's location.  ROA at 227.  They believed Magwood was guarding Brooks's drugs.

Officers subsequently obtained a warrant for Brooks's arrest.  On July 19, 2013, during an automobile search incident to Brooks's arrest, officers found a pill bottle containing marijuana residue and $1,350.  The money included two $20 bills the officers had given the CI to purchase crack cocaine from Brooks.  Following his arrest, Brooks's probation officer petitioned the district judge to revoke his supervised release.  He supported the petition on information that Brooks had been arrested in Alabama on charges of unlawful possession of cocaine, second degree possession of marijuana, and possession of drug paraphernalia.

The district judge conducted a revocation hearing.  Officer Stowe and Officer Griswold testified to the facts.  Brooks's probation officer also testified regarding the conditions of Brooks's supervised release.  Gaynell Miley, Brooks's sister, testified on his behalf.  She testified she and her mother lived with Brooks, and the area where officers found contraband was not part of their property.  Miley suffered from congestive heart failure and Magwood helped her perform chores around the family home.  She testified Magwood had been at her residence a few days before the police searched the property.  She also testified her brother, Melvin Brooks, had sent money and money orders to help support their mother, and the

3

cash seized from Brooks on July 19, 2013, was from those money orders. Brooks also introduced an affidavit from his brother, which included copies of money orders he had sent to their mother.

The government argued Brooks's supervised release should be revoked, because it was obvious from the evidence Brooks had sold or been in possession of cocaine and marijuana. Brooks asserted the government had not proved he had possessed controlled substances, because it had not presented evidence establishing actual or constructive possession. He denied ownership of the drugs and argued the area where the dog house and weight bench were located was not his property. He also contended Magwood was the person who actually purchased the crack cocaine from the CI. Because Magwood sometimes helped Brooks's sister with cleaning and other tasks, Brooks contended Magwood may have given some of the money to Brooks's sister during one of their encounters. His sister then gave the money to Brooks to care for their mother.

By a preponderance of the evidence, the district judge found that Brooks had possessed cocaine and participated in controlled drug buys, in violation of the terms of his supervised release. The judge found the officers' testimony credible and rejected Brooks's alternate explanation for his possession of the controlled-buy money. The judge revoked Brooks's term of supervised release and stated Brooks would be required to serve a term of imprisonment.

Brooks requested a lenient sentence so he could care for his ailing sister and mother and attend to his own health concerns. The district judge stated he had considered all the circumstances, Brooks's criminal history, the seriousness of the offense, the need to promote respect for the law, to protect the public, and to avoid unwarranted sentencing disparities. Because drug dealing was dangerous, the judge stated he had to protect Brooks's sister and mother from his conduct. The judge acknowledged Brooks's earlier letter to the judge regarding learning his lesson, but the judge noted he had not seen any evidence that Brooks had learned his lesson. The judge sentenced Brooks to 27 months of imprisonment, at the top of the applicable Sentencing Guidelines range. On appeal, Brooks challenges the revocation of his supervised release and his imprisonment sentence.

## II. DISCUSSION

A. Revocation of Supervised Release

Brooks argues the district judge abused his discretion by revoking his term of supervised release, because the preponderance of the evidence did not prove he had engaged in controlled drug buys or had possessed cocaine. We review a district judge's revocation of supervised release for abuse of discretion. *United States v. Cunningham*, 607 F.3d 1264, 1266 (11th Cir. 2010) (per curiam). We review a district judge's factual findings for clear error. *United States v. Philidor*, 717 F.3d 883, 885 (11th Cir. 2013) (per curiam). We also afford substantial

deference to the factfinder's credibility determinations. *United States v. Lewis*, 674 F.3d 1298, 1303 (11th Cir. 2012). Pursuant to 18 U.S.C. § 3583(e), a district judge, who finds by a preponderance of the evidence a defendant violated a condition of release, may revoke a term of supervised release. 18 U.S.C. § 3583(e)(3). A preponderance of the evidence requires the factfinder "to believe that the existence of a fact is more probable than its nonexistence." *United States v. Trainor*, 376 F.3d 1325, 1331 (11th Cir. 2004) (citation and internal quotation marks omitted).

Although the recordings of the controlled buys did not show Brooks's face, the CI used Brooks's nickname and Officer Griswold recognized Brooks's voice. The district judge found the officer's testimony to be credible. *Lewis*, 674 F.3d at 1303 (noting we grant deference to the district judge's credibility determinations). Moreover, when Brooks was arrested, he was in possession of bills that officers had given the CI to purchase cocaine. Officers found crack cocaine, marijuana, and a digital scale in an area behind Brooks's residence. Although Brooks testified the particular area did not belong to him, video recordings of the drug buys indicated the buys had occurred there. Because Brooks possessed money from the drug buys when he was arrested, the government's contention that Brooks constructively possessed the cocaine found in the area behind his house was corroborated. A preponderance of the evidence demonstrated Brooks had engaged

6

in controlled drug buys and had possessed cocaine, in violation of the terms of his supervised release. The district judge did not abuse his discretion by revoking Brooks's term of supervised release.

B. <u>Sentencing</u>

Brooks contends his 27-month sentence, imposed within the applicable Guidelines range, is substantively unreasonable. We review a sentence imposed upon the revocation of supervised release for reasonableness. *United States v. Velasquez Velasquez*, 524 F.3d 1248, 1252 (11th Cir. 2008) (per curiam). A sentence is substantively unreasonable if it "fails to achieve the purposes of sentencing as stated in section 3553(a)." *United States v. Docampo*, 573 F.3d 1091, 1096 (11th Cir. 2009) (citation and internal quotation marks omitted). When revoking a defendant's term of supervised release, the sentencing judge must consider (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for deterrence; (3) the need to protect the public; (4) the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment; (5) the kinds of sentences and the Sentencing Guidelines range; (6) any pertinent policy statements; (7) the need to avoid unwarranted sentencing disparities; and (8) the need to provide restitution to any victims. *See* 18 U.S.C. §§ 3583(e), 3553(a)(1), (a)(2)(B)-(D), (a)(4)-(7).

7

A sentence also is substantively unreasonable if the district judge balances the § 3553(a) factors unreasonably or places unreasonable weight on a single factor. *United States v. Irey*, 612 F.3d 1160, 1192-93 (11th Cir. 2010) (en banc). Although we do not presume a within-Guidelines sentence is reasonable, we ordinarily expect it to be reasonable. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008).

The district judge considered the § 3553(a) factors, including the need to protect Brooks's sister and mother from his dangerous criminal activity and the need to provide Brooks with needed medical care. The judge also considered Brooks's criminal history category of VI and noted Brooks had not learned his lesson. We conclude Brooks's 27-month sentence, imposed within the applicable Guidelines range, is substantively reasonable.

**AFFIRMED.**