[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-12440
Non-Argument Calendar

_____

D.C. Docket No. 8:11-cr-00225-RAL-MAP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STORMY GIDDENS, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 8, 2015)

Before MARTIN, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

Stormy Giddens, Jr., appeals his sentence of one year and 364 days, which

the district court imposed after the revocation of his second term of supervised

release.   Mr. Giddens originally pled guilty in 2008 to selling, exchanging,

transferring, and delivering counterfeited and altered obligations of the United States, in violation of 18 U.S.C. § 473.

On appeal, Mr. Giddens argues that 18 U.S.C. § 3583(e)(3), which governs the revocation of supervised release, violates the Fifth and Sixth Amendments under the principles set out in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 542 U.S. 296 (2004), and *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821 (1994), because it permits defendants to receive a sentence of imprisonment and a new term of supervised release upon findings made by a judge, not a jury, and by a preponderance of the evidence, not beyond a reasonable doubt.

Although we generally review a district court's revocation of supervised release for an abuse of discretion, we review *de novo* a constitutional challenge to a statute. *See United States v. Cunningham*, 607 F.3d 1264, 1266 (11th Cir. 2010). In relevant part, § 3583(e)(3) states that a district court may "revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release . . . if the court . . . finds by a preponderance of the evidence that the defendant violated a condition of supervised release." In *Cunningham*, we held that "§ 3583(e)(3) does not violate the Fifth or Sixth Amendments because the violation of supervised release need only be proven by a

2

preponderance of the evidence, and there is no right to trial by jury in a supervised release revocation hearing." *Cunningham*, 607 F.3d at 1268.

Mr. Giddens concedes that our decision in *Cunningham* forecloses his argument. *See* Appellant's Brief at 11 n.2 ("Mr. Giddens recognizes that this Court rejected the argument in *Cunningham*. Thus, Mr. Giddens is presenting this issue primarily for *en banc* or certiorari review."). We are bound to follow our prior binding precedent unless and until it is overruled by this Court *en banc* or by the Supreme Court. *See United States v. Vega-Castillo*, 540 F.3d 1235, 1236 (11th Cir. 2008). Because *Cunningham* has not been overruled by our Court *en banc* or by the Supreme Court, we affirm the district court's revocation of Mr. Giddens' term of supervised release.

**AFFIRMED.**