[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12177
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cr-00393-RWS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LEVORE JONES-TIDWELL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(May 13, 2015)

Before ED CARNES, Chief Judge, MARCUS, and WILLIAM PRYOR, Circuit
Judges.

PER CURIAM:

In 2009, in the Northern District of Illinois, Levore Jones-Tidwell pleaded guilty to one count of being a felon in possession of a firearm and one count of possession with intent to distribute a controlled substance.  In sentencing him for those offenses, the district court used the 2008 Sentencing Guidelines Manual to determine that he had ten criminal history points:  seven points based on his prior convictions, see U.S.S.G. § 4A1.1(a)–(c) (2008); two points because he committed the offenses of conviction while on parole for another offense, see id. § 4A1.1(d) (2008); and one "recency" point because he committed the offenses of conviction less than two years after he had been released from imprisonment, see id. § 4A1.1(e) (2008).  Ten criminal history points meant that Jones-Tidwell's criminal history category was V.  The court sentenced Jones-Tidwell to 42 months imprisonment and 3 years supervised release.  His term of supervised release began in February 2012, and jurisdiction over his case was transferred to the Northern District of Georgia in November 2012.

In 2014, a probation officer petitioned the district court to revoke Jones-Tidwell's supervised release.  At the revocation hearing, the district court calculated an advisory guidelines range of 18 to 24 months imprisonment, which it based on a criminal history category of V — the criminal history category applicable at the time Jones-Tidwell was originally sentenced — and a violation

2

grade of B.  See U.S.S.G. § 7B1.4(a).  It then sentenced Jones-Tidwell to 18 months imprisonment.

Jones-Tidwell contends that his sentence is procedurally unreasonable because the court erroneously calculated his advisory guidelines range based on a criminal history category of V.  He relies on the fact that, in 2010, the Sentencing Commission prospectively eliminated the consideration of recency points under the former § 4A1.1(e).  See U.S.S.G. App. C, amend. 742 (2010); see also id. § 1B1.10(c) (2010) (showing that Amendment 742 does not apply retroactively).  Without that recency point, Jones-Tidwell would have had only nine criminal history points and a criminal history category of IV when he was originally sentenced.  He argues that, in light of the Sentencing Commission's elimination of recency points, the court should have recalculated his criminal history category at his revocation hearing and sentenced him based on an advisory guidelines range of 12 to 18 months instead of 18 to 24 months.  See U.S.S.G. § 7B1.4(a).  We review the procedural reasonableness of Jones-Tidwell's sentence only for an abuse of discretion.  United States v. Cunningham, 607 F.3d 1264, 1266 (11th Cir. 2010); see Gall v. United States, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007).

Jones-Tidwell's argument is meritless.  The district court did not recalculate his criminal history category for purposes of imposing a revocation sentence because the sentencing guidelines specifically instruct that "[t]he criminal history

category is not to be recalculated" for purposes of imposing a revocation sentence. U.S.S.G. § 7B1.4 cmt. n.1.  In calculating Jones-Tidwell's advisory guidelines range based on a criminal history category of V, the district court did exactly as the sentencing guidelines say to do:  It used the criminal history category "applicable at the time [Jones-Tidwell] was originally sentenced to a term of supervision." Id. § 7B1.4(a).

Facing an uphill battle, Jones-Tidwell acknowledges that "a formalistic reading of the text of [U.S.S.G.] § 7B1.4 might suggest that the district court need not entertain subsequent favorable changes in the guidelines affecting the criminal history score when a defendant is sentenced" for violating the conditions of his supervised release.  Nonetheless, he contends that the district court abused its discretion in doing exactly as § 7B1.4 says for two reasons.  First, he argues that the district court's failure to recalculate his criminal history score violated U.S.S.G. § 1B1.11's instruction that the court "use the Guidelines Manual in effect on the date that the defendant is sentenced," which in his case was the 2013 Guidelines Manual.  But the court did use the 2013 Guidelines Manual in imposing Jones-Tidwell's revocation sentence, and that manual specifically instructs courts not to recalculate a defendant's criminal history score.  U.S.S.G. § 7B1.4(a) & cmt. n.1 (2013).

4

Second, Jones-Tidwell argues that the court violated 18 U.S.C. § 3553(a)(5)'s instruction that the court consider relevant policy statements of the Sentencing Commission, and he quotes at length the commentary accompanying the amendment that eliminated recency points. That argument fails too. Although the district court was free to consider the elimination of recency points under 18 U.S.C. § 3553(a)(5) as a basis for a downward variance, Jones-Tidwell did not request a downward variance, and, even if he had, the court would not have been required to grant one. The court did not abuse its discretion in using a criminal history category of V to calculate Jones-Tidwell's advisory guidelines range at his revocation hearing.

**AFFIRMED.**