[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-14019
Non-Argument Calendar
_____

D.C. Docket No. 8:12-cr-00147-VMC-MAP-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ANTHONY M. LYNCH,
a.k.a. Ant,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 3, 2015)

Before JORDAN, ROSENBAUM, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Anthony Lynch appeals his 21-month sentence, imposed after the district court revoked his supervised release based its on finding that he fled, eluded the police, and attempted to murder a law enforcement officer.  Mr. Lynch argues that the district court erred in two ways: (1) by ignoring his duress defense and placing the burden on him to prove duress; and (2) by denying his fifth motion for a continuance.  After reviewing the record and the parties' briefs, we affirm.

## I

We review a district court's revocation of supervised release for abuse of discretion, *see United States v. Cunningham*, 607 F.3d 1264, 1266 (11th Cir. 2010), and are bound by the district court's findings of fact unless they are clearly erroneous, *see United States v. Almand,* 992 F.2d 316, 318 (11th Cir. 1993).  We review the denial of a motion for a continuance for an abuse of discretion.  *See United States v. Bowe*, 221 F.3d 1183, 1189 (11th Cir. 2000).

## II

Mr. Lynch first argues that the district court abused its discretion in failing to consider evidence that corroborated his duress defense—that he was forced at gunpoint to flee from the police and did not intend to strike the officer with his car.  This argument, however, fails for two reasons.  First, the record shows that the district court considered the defense but determined that other evidence, such as Mr. Lynch's rapid acceleration of the vehicle and failure to obey the officer's

commands, supported a finding that he attempted to strike and murder the police officer.  Second, even if the district court had failed to consider evidence that might have substantiated Mr. Lynch's claim, under Florida law duress is not an available defense to those charged with attempted first-degree murder.  *See Henry v. State*, 613 So. 2d 429, 432 (Fla. 1992) ("Moreover, duress is not a defense to intentional homicide because 'duress will never justify the killing of an innocent third party.'").  Thus, the district court did not abuse its discretion in revoking Mr. Lynch's supervised release.

The district court also did not abuse its discretion in denying Mr. Lynch's unopposed motion for a fifth continuance.  Mr. Lynch contends that because he had state charges pending, he could not testify in support of his duress defense without making incriminating statements, which would have exposed him to a state sentence of 25 years to life in prison.  "The denial of a continuance [, however,] is not an abuse of discretion unless it 'severely prejudices' the moving party."  *In re Fisher Island Investments, Inc.*, 778 F.3d 1172, 1197 (11th Cir. 2015) (citations omitted).  Because the defense of duress was not available as a matter of law, Mr. Lynch cannot show that he was severely prejudiced by the district court's denial of his continuance motion.

## III

For the foregoing reasons, we affirm.

3

**AFFIRMED.**