[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-14854
Non-Argument Calendar
_____

D.C. Docket Nos. 1:12-cr-20396-KMM-3; 1:12-cr-20397-KMM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL A. HARRIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 17, 2017)

Before WILSON, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

Michael Harris appeals his two concurrent six-month sentences for violating

the terms of his supervised release.  On appeal, he argues that his sentences are

substantively unreasonable because the district court failed to properly consider the relevant sentencing factors.  Upon careful review of the parties' briefs and the record, we affirm Harris's sentences.

We review the reasonableness of a sentence that is imposed after revocation of supervised release under an abuse-of-discretion standard.  *See United States v. Cunningham*, 607 F.3d 1264, 1266 (11th Cir. 2010) (per curiam).  The party challenging the sentence bears the burden of establishing that the sentence is unreasonable in the light of the record and the § 3553(a) factors.  *See United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005) (per curiam).  We will vacate a sentence only if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by imposing a sentence that lies outside the range of reasonable sentences dictated by the facts of the case.  *See United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc).

The district court did not abuse its discretion by imposing sentences at the low end of the guideline range.  The district court properly considered the relevant factors.  Specifically, the court considered the nature and circumstances of the offense, Harris's history and characteristics, and the need for deterrence when it expressed its concern that more lenient approaches to past violations had not prompted Harris to obey the terms of his supervised release.  Harris argues that the

2

sentence was unreasonable because it was "based on one use of alcohol." However, his argument ignores the fact that he had tested positive on numerous past occasions.  The district court did not commit a clear error of judgment in weighing the sentencing factors.  *Irey*, 612 F.3d at 1190.

**AFFIRMED.**