[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-15005
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cr-00232-JB-C-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TAVARIS LAMON BODY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(October 18, 2019)

Before MARCUS, ROSENBAUM, and GRANT, Circuit Judges.

PER CURIAM:

Tavaris Lamon Body appeals the revocation of his supervised release based

on the district court's determination that he violated the conditions of his

supervised release by trafficking marijuana.  He argues that the district court erred

by admitting hearsay evidence at his revocation hearing without first balancing his

right to confront adverse witnesses against the government's reasons for not

producing the witnesses as required by *United States v. Frazier*, 26 F.3d 110 (11th

Cir. 1994), and by applying the wrong standard of proof.

I.

Body was serving a term of supervised release as part of his sentence for

possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1), when he was

arrested in Alabama for allegedly trafficking marijuana.  At the supervised release

revocation hearing, the government presented the testimony of Detective Kevin

Naman of the Mobile Police Department.  Detective Naman testified that he

received information from three "confidential sources" that multiple pounds of

marijuana were located in a shed attached to a house at 926 Nellie Street in

Mobile.  The sources referred to the residence as "Mr. Body's house," but it

actually belonged to some of Body's relatives.  One or more of the sources

informed Detective Naman that Body was selling large amounts of marijuana from

a blue duffel bag in his white Ford parked in front of the house.

Detective Naman testified that he obtained a search warrant for 926 Nellie

Street and the attached shed (and, presumably, the white Ford).  Upon executing

the search warrant, police discovered a lock box in the shed containing a blue

2

duffel bag and 17 pounds of marijuana.  A white Ford vehicle registered to Body was parked in the middle of the drive between 926 Nellie Street and the house next door.  There were no drugs in the car, although police detected the odor of marijuana.

Body was not present and did not own the house.  Police did not find any mail or other belongings that would indicate that Body lived there.  Detective Naman encountered one of Body's family members, who told him that Body had left just before police arrived to execute the warrant.[1]

Body objected on the ground that "the only witnesses or only evidence that they have that says that this was Tavaris Lemon Body and not anybody related to the residence where it was located are unnamed confidential informant sources.  And Mr. Body cannot cross-examine those.  We cannot delve into the veracity of that."  He further objected on the ground that, "although hearsay is clearly allowed in these revocation hearings, that the factual basis for which the revocation is based upon cannot be solely upon hearsay.  And the only identification of Tavaris Body is through hearsay."

---

[1] It is not entirely clear from the record whether Detective Naman encountered Body's family member at the house that was the subject of the search warrant or—as indicated in the probation officer's warrant petition—at the house next door, 928 Nellie Street.

The district court overruled Body's objection without explanation. The court revoked Body's supervised release and sentenced him to 18 months' imprisonment followed by 18 months' supervised release. This appeal followed.

## II.

We generally review a district court's revocation of supervised release for an abuse of discretion. *Frazier*, 26 F.3d at 112. "A district court abuses its discretion if it 'fails to apply the proper legal standard or to follow proper procedures in making the determination, or makes findings of fact that are clearly erroneous.'" *United States v. Izquierdo*, 448 F.3d 1269, 1276 (11th Cir. 2006) (citation omitted).

## III.

## A.

Under 18 U.S.C. § 3583, a district court can revoke a defendant's supervised release and sentence him to a term of imprisonment or additional supervised release, or both, upon finding by a preponderance of the evidence that the defendant violated a condition of supervised release. 18 U.S.C. § 3583(e)(3); *see United States v. Cunningham*, 607 F.3d 1264, 1268 (11th Cir. 2010). The Federal Rules of Criminal Procedure provide that the district court must hold a hearing in connection with the revocation proceedings. Fed. R. Crim. P. 32.1(b)(2). At that hearing, the defendant must be given (among other things) the opportunity to "question any adverse witness unless the court determines that the interest of

4

justice does not require the witness to appear." Fed. R. Crim. P. 32.1(b)(2)(C); *see also* 18 U.S.C. § 3583(e)(3) (incorporating the requirements of the relevant rules of criminal procedure). This requirement reflects the principle that, although "the full panoply of rights" applicable in criminal prosecutions does not apply to supervised release revocation proceedings, the defendant has the right to certain minimum due process protections, including "the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation)." *Morrissey v. Brewer*, 408 U.S. 471, 480, 489 (1972) (discussing constitutional protections applicable to parole revocation proceedings); *Frazier*, 26 F.3d at 114 (applying *Morrissey* in the context of a supervised release revocation). "Thus, in deciding whether or not to admit hearsay testimony, the court must balance the defendant's right to confront adverse witnesses against the grounds asserted by the government for denying confrontation." *Frazier*, 26 F.3d at 114. Although the Federal Rules of Evidence do not apply in supervised release revocation proceedings, the court must also determine that any hearsay evidence that it admits is reliable. *Id.*

By objecting to the district court's consideration of hearsay on the ground that he was denied the opportunity to cross-examine the witnesses against him, Body triggered the district court's obligation to weigh his right to confront and cross-examine Detective Naman's "sources" against the government's reasons for

not presenting the witnesses at the hearing, and adequately preserved the issue for appeal. The government did not offer any explanation for its failure to present the witnesses who informed Detective Naman that Body was selling marijuana, nor did the court make any determination regarding the reliability of the hearsay evidence introduced through the detective. The district court's failure to conduct the required analysis before overruling Body's objection was error. *See Frazier*, 26 F.3d at 114. And as discussed below, the error was not harmless.

## B.

A district court's error in considering improperly admitted hearsay evidence may be harmless if the remaining evidence, standing alone, is sufficient to support the court's conclusion that the defendant violated the conditions of his supervised release. *See id*. The non-hearsay evidence presented at Body's revocation hearing established only that Detective Naman found marijuana at an address in Mobile where Body's relatives lived, and that he detected the odor of marijuana in Body's car, which was parked nearby. This was insufficient to establish by a preponderance of the evidence that Body had committed the crime of marijuana trafficking, as the probation officer's petition alleged. Under the circumstances, the district court abused its discretion by revoking Body's supervised release.

IV.

Body also argues that the district court applied the wrong standard of proof at the revocation hearing. The district court stated that "the burden for the Court is to be reasonably satisfied that the – that you have violated the conditions of your release. And I am reasonably satisfied that you have violated those conditions." The district court may have considered this standard to be equivalent to proof by a preponderance of the evidence, but it did not make any statement to that effect on the record. In any event, the statute is explicit in its requirement that the government must prove a violation of supervised release by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3). This standard requires proof "that the existence of a fact is more probable than its nonexistence." *United States v. Trainor*, 376 F.3d 1325, 1331 (11th Cir. 2004) (citation omitted). And the "district court must ensure that the Government carries its burden by presenting reliable and specific evidence." *United States v. Almedina*, 686 F.3d 1312, 1315 (11th Cir. 2012). On remand, therefore, the district court is instructed to determine by a preponderance of the evidence whether Body violated the conditions of his supervised release.

V.

The district court abused its discretion by relying on hearsay evidence without balancing Body's right to confront his accusers against the government's reasons for not producing the witnesses at the hearing, and by applying a different

7

standard of proof than that specified by law.  We therefore **REVERSE** the district court's revocation of supervised release, **VACATE** the sentence imposed upon revocation, and **REMAND** for a new revocation hearing.