UNITED STATES of America,
Plaintiff–Appellee,

v.

Andrew BELL, Defendant–Appellant.

No. 15–10371
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Nov. 23, 2015.

Michael B. Billingsley, Alice H. Martin, Joyce White Vance, U.S. Attorney's Office, Birmingham, AL, David Estes, U.S. Attorney's Office, Huntsville, AL, for Plaintiff–Appellee.

Michael Todd Tewalt, Deanna Lee Oswald, Federal Public Defender, Huntsville, AL, Kevin L. Butler, Allison Case, Federal Public Defender, Birmingham, AL, for Defendant–Appellant.

Before TJOFLAT, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

After finding that Andrew Bell had violated the terms of his supervised release by committing the crime of arson, the District Court revoked his release and sentenced him to prison for a term of 60 months. He appeals the District Court's decision, arguing that the court erred by admitting hearsay statements at his revocation hearing without first applying the balancing test laid out by *United States v. Frazier*, 26 F.3d 110 (11th Cir.1994), and denying him minimal due process requirements. The hearsay Bell complains of consists of Detective Matt Young's testimony relating out-of-court statements made by Jeffrey Toney, Akia Rice's daughter, Alexis, and the state Fire Marshal, who said that based on his examination of the scene of the fire, Bell's ex-wife's garage, an accelerant had been used—that arson had been committed. We find no merit in Bell's appeal and accordingly affirm.[1]

Bell did not present his *Frazier* and due process objections to the District Court; hence, we review the objections for plain error. Under the plain error standard, Bell "must show that: (1) an error occurred; (2) the error was plain; (3) it affected his substantial rights; and (4) it seriously affected the fairness of the judicial proceedings." *See United States v. Gresham*, 325 F.3d 1262, 1265 (11th Cir. 2003). An error cannot be plain unless the error is "clear under current law." *United States v. Aguillard*, 217 F.3d 1319, 1321 (11th Cir.2000). The test for showing that the error affected substantial rights, and thus "the outcome of the district court proceedings," is the formulation of a reasonable probability of a different result, which means a probability "sufficient to undermine confidence in the outcome." *United States v. Rodriguez*, 398 F.3d 1291, 1299 (11th Cir.2005) (quotations omitted).

A violation of supervised release need only be proven by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3); *United States v. Cunningham*, 607 F.3d, 1264, 1268 (11th Cir.2010). A defendant's super-

---

1. We review the District Court's revocation of Bell's supervised release under the abuse of discretion standard. *United States v. Frazier,* 26 F.3d 110, 114 (11th Cir.1994). We find no abuse here.

vised release can be revoked, and a term of imprisonment imposed, whether or not the defendant has been subject to a separate prosecution, and the grade of the violation does not depend on the conduct charged in the separate proceeding, but the actual conduct of the defendant. U.S.S.G. § 7B1.1 cmt. n. 1.

"Although the Federal Rules of Evidence do not apply in supervised release revocation hearings, the admissibility of hearsay is not automatic. Defendants involved in revocation proceedings are entitled to certain minimal due process requirements." *Frazier,* 26 F.3d at 114. Among the due process requirements available at a revocation hearing is the right to confront and cross-examine adverse witnesses. *Id.; see also* Fed. R.Crim.P. 32.1(b)(2)(C) (stating before supervised release is revoked, "[t]he person is entitled to ... an opportunity to ... question any adverse witness unless the court determines that the interest of justice does not require the witness to appear"). The right to cross examine adverse witnesses at a revocation of supervised release hearing is not absolute; rather, "in deciding whether or not to admit hearsay testimony, the court must balance the defendant's right to confront adverse witnesses against the grounds asserted by the government for denying confrontation." *Frazier,* 26 F.3d at 114. Additionally, the hearsay statement must be reliable. *Id.* Where, as here, the properly admitted evidence is sufficient to support the district court's conclusion, any error is harmless. *Id.*

Bell has not shown, under the plain error standard, that his substantial rights were affected in this case and that, for such reason, we should vacate the District Court's decision and remand the case for further proceedings. To the contrary, the evidence before the court demonstrated that Bell violated the terms of his supervised release. Specifically, his ex-wife testified that she saw him pour an accelerant into her garage and light the building on fire using a lit piece of paper. Bell's mother testified, and corroborated several of Bell's ex-wife's statements. And, Bell himself admitted to leaving the Northern District of Alabama without permission, and hiding in Forest Park, Georgia, under an assumed name after the fire. Taken all together, there was sufficient evidence to support the court's decision to revoke Bell's supervised release.

AFFIRMED.