[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-13573
Non-Argument Calendar
_____

D.C. Docket No. 8:12-cr-00331-VMC-AEP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DANNY CRANE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 14, 2015)

Before HULL, ROSENBAUM and JILL PRYOR, Circuit Judges.

PER CURIAM:

Pursuant to 18 U.S.C. § 3583(e)(3), Danny Crane's supervised release was revoked for, *inter alia*, having broken the law by possessing cocaine. On appeal, Mr. Crane argues that by admitting a chemist's laboratory report that identified the substance in a bag he possessed as cocaine without requiring that the chemist testify at the revocation hearing, the district court violated his narrow due process right to confront adverse witnesses against him.

Whether a defendant's constitutional rights have been violated is a mixed question of law and fact. *See United States v. Revolorio-Ramo*, 468 F.3d 771, 774 (11th Cir. 2006). "We review the court's factual conclusions under the clearly erroneous standard and the court's legal conclusions de novo." *Id.* Although the Federal Rules of Evidence do not apply at a supervised release revocation hearing, *United States v. Frazier*, 26 F.3d 110, 114 (11th Cir. 1994), a defendant is entitled to certain minimal due process requirements at a revocation hearing, including the right to confront and cross-examine adverse witnesses. Fed. R. Crim. P. 32.1(b)(2)(C); *Frazier*, 26 F.3d at 114. However, a court may decline to allow confrontation if, after weighing the government's reason for denying confrontation against the defendant's right to confront adverse witnesses, it finds the hearsay evidence to be reliable and decides that the government had good cause for not producing the witness. *Frazier*, 26 F.3d at 114. If a court erroneously denies a defendant the right to confront a witness at a revocation hearing, this Court

2

nevertheless may affirm the revocation if the error was harmless.  Error is harmless when "the properly considered evidence overwhelmingly demonstrated" that the defendant violated the terms of his supervised release.  *Id.*

A violation of supervised release need only be proven by a preponderance of the evidence.  18 U.S.C. § 3583(e)(3); *United States v. Cunningham*, 607 F.3d 1264, 1268 (11th Cir. 2010).  A defendant's supervised release can be revoked whether or not the defendant has been subject to a separate prosecution for the conduct, and the grade of the violation depends not on the conduct charged in the separate proceeding, but on the actual conduct of the defendant.  U.S.S.G. § 7B1.1 cmt. n.1.  A report on the chemical analysis of a substance is not required to prove that the substance is cocaine.  *United States v. Baggett*, 954 F.2d 674, 677 (11th Cir. 1992) (holding that the government could prove beyond a reasonable doubt that a substance was cocaine through circumstantial evidence).

Mr. Crane argues that the laboratory report identifying the substance in the bag as cocaine was hearsay and should not have been admitted without the testimony of the chemist who prepared the report and without the district court performing the analysis and making the findings required by *Frazier*.  But, the record shows that the district court and the parties thoroughly discussed *Frazier* and its requirements, Mr. Crane's constitutional objection, the reason for the government's delay in obtaining the chemist's report, and the question whether the

chemist should be required to testify in the light of all the other non-hearsay evidence. The court overruled Mr. Crane's objection and admitted the chemist's report. Before continuing with the presentation of evidence, however, the court offered Mr. Crane the opportunity to continue the hearing so that he could subpoena the chemist and cross-examine him about the report. Mr. Crane declined the court's offer.

Although the district court does not appear to have erred in admitting the report, we need not decide this issue because any error would have been harmless. Mr. Crane admitted ownership of the bag containing the substance when he pled guilty to possession of drug paraphernalia—namely, the bag. The only question the district court needed to resolve was whether the substance in the bag was in fact cocaine. The uncontested evidence showed that Deputy Robert Wilfong, according to his usual practice, searched the backseat of his police vehicle before arresting Mr. Crane and found nothing. No one except Mr. Crane rode in the backseat of the vehicle that day. After Mr. Crane was moved to another vehicle for transport, Deputy Wilfong searched his vehicle again and discovered a bag containing a white powdery substance. Deputy Wilfong performed a field test on the substance, which tested positive for cocaine. Although Deputy Wilfong admitted on cross-examination that field tests sometimes yield false positive results, the evidence was sufficient for the government to prove by a

4

preponderance of the evidence that the substance was cocaine. *See Cunningham*, 607 F.3d at 1268.  While the chemist's report analyzing the substance supported the government's case, the government met its burden of proof without the report. *See Baggett*, 954 F.2d at 677.  Therefore, any error in admitting the report would have been harmless. *See Frazier*, 26 F.3d at 114.  Accordingly, we affirm the revocation judgment.

**AFFIRMED.**