# United States Court of Appeals
## For the First Circuit

No. 15-2105

UNITED STATES OF AMERICA,

Appellee,

v.

EDUARDO BUENO-BELTRÁN,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. José Antonio Fusté, U.S. District Judge]

Before

Howard, Chief Judge,
Torruella and Thompson, Circuit Judges.

George F. Gormley, Stephen Super, and George F. Gormley, P.C., on brief for appellant.
Thomas F. Klumper, Assistant United States Attorney, Senior Appellate Counsel, Mariana E. Bauzá-Almonte, Assistant United States Attorney, Chief, Appellate Division, and Rosa Emilia Rodríguez-Vélez, United States Attorney, on brief for appellee.

May 15, 2017

**PER CURIAM**.  Defendant-Appellant Eduardo Bueno-Beltrán appeals from the district court's revocation of his supervised release and imposition of a 24-month term of imprisonment.  Because the district court did not abuse its discretion when it admitted hearsay evidence or err in finding that Bueno violated his supervised release terms, we affirm.[1]

In 2014, Bueno, a citizen of the Dominican Republic, pled guilty to conspiracy to bring unauthorized aliens into the United States without going through an authorized port of entry, in violation of 8 U.S.C. § 1324(a)(1)(A)(i) and (v).  He was sentenced to one year of imprisonment and three years of supervised release.  Bueno was deported shortly thereafter.  During Bueno's period of supervised release, U.S. Coast Guard personnel interdicted his boat off the coast of the Dominican Republic.  Bueno and two other Dominican citizens were aboard the vessel, which was allegedly en route to Puerto Rico.  The officers attested that as they approached the boat, the three men began throwing bales overboard, and that when the officers boarded the boat, Bueno identified himself as its captain.  Nine bales recovered from the water surrounding the boat field-tested positive for cocaine.

---

[1] Bueno also challenges his initial three-year term of supervised release, which was imposed in 2014.  However, this claim is not properly before this Court, as it is untimely.  See Fed. R. App. P. 4(b)(1)(A); Perez-Perez v. Popular Leasing Rental, Inc., 993 F.2d 281, 282 (1st Cir. 1993).

Bueno was subsequently arrested and indicted for importing and conspiracy to import and possess, with intent to distribute, controlled substances on board a vessel subject to United States jurisdiction. See United States v. Bueno-Beltrán, No. 15-cr-00189-GAG (D.P.R. filed Mar. 18, 2015).

After being notified of the new charges against Bueno and holding a hearing, the district court revoked Bueno's supervised release, finding four separate violations: 1) committing another federal, state, or local crime; 2) possessing, using, distributing or administering any controlled substance; 3) associating with any person engaged in criminal activity; and 4) returning to the United States after removal. The court imposed a 24-month term of imprisonment, to be served consecutively with any sentence that he would receive in the then-pending drug-importation case.

On appeal, Bueno challenges the district court's admission of hearsay evidence in the form of two Coast Guard officers' statements detailing what transpired when they approached and boarded Bueno's vessel.[2] Bueno contends that admitting these statements violated his Sixth Amendment right to

---

[2] During the revocation hearing, Bueno also made a Confrontation Clause challenge to the admissibility of the field-test results, offered in the form of photos showing two separate tests conducted on the bales. However, he makes only a cursory reference to this argument on appeal and it is thus waived. See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990).

confront the witnesses against him.  See Crawford v. Washington, 541 U.S. 36, 68-69 (2004).

We note at the outset that although "the Sixth Amendment forbids the introduction of an out-of-court testimonial statement unless the witness is unavailable and the defendant has previously had an opportunity to cross-examine her . . . [this prohibition] does not apply to supervised release revocation proceedings." United States v. Rondeau, 430 F.3d 44, 47 (1st Cir. 2005) (internal citation omitted).  We also note that the Federal Rules of Evidence do not apply to revocation proceedings, see Fed. R. Evid. 1101(d)(3), and revocation proceedings "should be flexible enough to consider evidence including letter affidavits, and other material that would not be admissible in an adversary criminal trial."  See Rondeau, 430 F.3d at 47 (quoting Morrissey v. Brewer, 408 U.S. 471, 489 (1972)).  Nonetheless, criminal defendants still have limited confrontation rights under Fed. R. Crim. P. 32.1 (b)(2)(C), which confers the right to "question any adverse witness unless the court determines that the interest of justice does not require the witness to appear."  Rondeau, 430 F.3d at 48 (quoting Fed. R. Crim. P. 32.1(b)(2)(C)).  This requires the court to balance the defendant's right to confront the witnesses with the government's good cause for denying confrontation.  Id.  A court should consider "the reliability of the hearsay testimony and the government's reason for declining to produce the

declarant." Id. We review a district court's decision to admit hearsay evidence under this rule for abuse of discretion. Id.

We conclude that the court did conduct this balancing test and acted within its discretion in finding that the hearsay testimony was reliable. First, the court noted that the details elucidated in the officers' statements were "clearly, clearly, well defined." See United States v. Marino, 833 F.3d 1, 6 (1st Cir. 2016) (finding hearsay evidence reliable when it was "packed with details"). Second, the statements were corroborated by photographs depicting Bueno at the stern of the boat, the bales recovered in the water around the boat, and images of the field-test results. See Rondeau, 430 F.3d at 48 (identifying corroboration as another indicator of reliability). As for cause, the fact that the officers were based in Miami, Florida, while the revocation hearing was held in San Juan, Puerto Rico, provided sufficient reason for the court to excuse their absence. See Marino, 833 F.3d at 5 ("'[C]oncern . . . with the difficulty and expense of procuring witnesses from perhaps thousands of miles away' is a paradigmatic example of the type of situation that might call for the admission of hearsay evidence at a revocation proceeding." (quoting Gagnon v. Scarpelli, 411 U.S. 778, 782 n.5 (1973))). Thus, the district court did not abuse its discretion in admitting this hearsay testimony.

Bueno also challenges the court's reliance on the field tests conducted on the bales, on the grounds that the tests were not "sufficiently reliable" to indicate that the substance was cocaine. In the main, the substance of his argument is that the field tests "cannot be used as prima facie evidence that [he] violated the terms of his supervised release." We review this challenge -- which was not raised below -- for plain error. See United States v. Millan-Isaac, 749 F.3d 57, 66 (1st Cir. 2014).

We spy no error, plain or otherwise, in the district court's consideration of the field test results to support the finding that Bueno violated the terms of his supervised release. Such violations need only be proven by a preponderance of the evidence. See 18 U.S.C. § 3583(e)(3); United States v. Oquendo-Rivera, 586 F.3d 63, 66 (1st Cir. 2009). We review the evidence in the light most favorable to the government, remembering again that the Rules of Evidence do not apply, and that the hearing is in front of a judge, not a jury, while also noting that credibility is largely a matter for the finder of fact. Oquendo-Rivera, 586 F.3d at 67. Here, the government presented evidence of two separate field tests conducted on the bales, both indicating that the substance was cocaine. The experienced judge observed that, while such tests are not inherently admissible in a full-blown criminal trial, they are "very, very reliable." Indeed, several Courts of Appeals have held that positive field test results,

coupled with other evidence, have been sufficient to prove that a substance is a narcotic.  See, e.g., United States v. Thompson, 633 Fed. App'x 534, 537 (2d Cir. 2015); United States v. Crane, 599 Fed. App'x 383, 384 (11th Cir. 2015); United States v. Ching Tang Lo, 447 F.3d 1212, 1222-23 (9th Cir. 2006).  We see no reason to chart a different course in this type of proceeding.  When considered with the statements indicating that the boat's occupants threw the bales overboard upon the Coast Guard's approach, the district court's reliance, in part, on these field tests was not an error.

For the foregoing reasons, the district court's revocation of Bueno's supervised release and imposition of a 24-month sentence are **affirmed**.