[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

Nos. 17-11618, 17-11653
Non-Argument Calendar
_____

D.C. Docket Nos. 2:15-cr-00108-SPC-MRM-1; 2:16-cr-00126-SPC-CM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NELSON HERNANDEZ-TORRES,
a.k.a. Nelson Hernandez,

Defendant-Appellant.
_____

Appeals from the United States District Court
for the Middle District of Florida
_____

(November 9, 2017)

Before ED CARNES, Chief Judge, MARCUS, and ROSENBAUM, Circuit
Judges.

PER CURIAM:

Nelson Hernandez-Torres was sentenced to 21 months imprisonment following his conviction for illegal reentry and the revocation of his supervised release for an earlier conviction. In this consolidated appeal, he contends that his sentences are substantially unreasonable because the district court ordered them to run consecutively instead of concurrently.

I.

In January 2016 Hernandez-Torres pleaded guilty to one count of illegal reentry by a previously removed alien, in violation of 8 U.S.C. § 1326(a). He was sentenced to time served followed by 12 months of supervised release. He was removed and ordered to remain outside of the United States unless he was authorized to return. Nine months later, in September 2016, Hernandez-Torres was found in the United States without authorization. He was arrested and indicted for a second violation of § 1326(a) and for violating his supervised release from the earlier case. He pleaded guilty to the second illegal reentry offense and admitted that he violated his supervised release by committing that offense.

Hernandez-Torres' presentence investigation report assigned him a base offense level of 8 under United States Sentencing Guidelines § 2L1.2. He received a 4 level enhancement because he had already been convicted once before for illegal reentry, and a 2 level reduction for his acceptance of responsibility, resulting in a total offense level of 10. With a criminal history category of IV,

2

Hernandez-Torres' guidelines range was 15 to 21 months imprisonment for the illegal reentry offense. The statutory maximum term of imprisonment for that offense is 10 years. 8 U.S.C. § 1326(b)(1).

At his combined sentence and revocation hearing, the district court adopted the undisputed factfindings and guidelines calculations in the PSR. The court calculated a guidelines range of 6 to 12 months for the revocation of his supervised release because it was a Grade B violation and Hernandez-Torres had a prior criminal history category of II. The district court noted that the statutory maximum term of imprisonment for that offense was one year.

Hernandez-Torres asked the district court for concurrent sentences at the low end of the guidelines range. He admitted he broke the law and acknowledged that it was not long after his earlier conviction. But he explained that he did so with good reason. His children live in the United States with his girlfriend, and one of his daughters has Down syndrome. Although he found good work back home in Mexico, he had learned that the Florida Department of Children and Families had been called out to his girlfriend's house, concerned that there was insufficient supervision over their children. Because his girlfriend had to be at work most of the day, Hernandez-Torres decided to come back to the United States to help take care of his kids.

3

The district court sentenced Hernandez-Torres to 15 months imprisonment for the illegal reentry conviction and 6 months for the violation of his supervised release, to run consecutively. The court explained it gave Hernandez-Torres the low end of the guidelines range to account for his "situation with his daughter and why he felt compelled to come to this country," but imposed the sentences consecutively because Hernandez-Torres had violated the conditions of his supervised released "very quickly" after being placed under supervision. His cases were consolidated for appeal.

## II.

Hernandez-Torres contends that the imposition of a consecutive sentence for the revocation of his supervised release, instead of a concurrent sentence, rendered his sentence substantively unreasonable. He argues that the district court committed a clear error of judgment by giving too much weight to the sentencing guidelines and too little weight to his family and personal characteristics. We review the reasonableness of a sentence imposed after revocation of supervised release for an abuse of discretion. United States v. Cunningham, 607 F.3d 1264, 1266 (11th Cir. 2010).

When sentencing a defendant after revocation of supervised release under 18 U.S.C. § 3583(e), a district court must consider some of the sentencing factors provided in 18 U.S.C. § 3553(a). 18 U.S.C. § 3583(e). Relevant here, the court

4

may consider the nature and circumstances of the offense and the defendant's history and characteristics.  18 U.S.C. §§ 3553(a), 3583(e).  The district court must consider the applicable § 3553(a) factors, but may attach greater weight to one or more of them than to the others.  United States v. Shaw, 560 F.3d 1230, 1237 (11th Cir. 2009).

When reviewing a sentence for substantive reasonableness, we will vacate a sentence only if we "are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by imposing a sentence that lies outside the range of reasonable sentences dictated by the facts of the case."  United States v. Irey, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc).  The party challenging the sentence bears the burden of establishing that the sentence is unreasonable in the light of the record and the § 3553(a) factors.  United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).  Although we do not automatically presume a sentence within the guidelines range is reasonable, we ordinarily expect it to be.  United States v. Hunt, 526 F.3d 739, 746 (11th Cir. 2008).

In determining whether to impose a consecutive or concurrent term, the district court must consider the factors set forth in § 3553(a).  18 U.S.C. § 3584(b).  According to the sentencing guidelines, "[a]ny term of imprisonment imposed upon the revocation of . . . supervised release shall be ordered to be served

5

consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of . . . supervised release." U.S.S.G. § 7B1.3(f) (policy statement). "Similarly, it is the Commission's recommendation that any sentence of imprisonment for a criminal offense that is imposed after revocation of . . . supervised release be run consecutively to any term of imprisonment imposed upon revocation." U.S.S.G. § 7B1.3(f), cmt. n.4.

Hernandez-Torres has not met his burden of showing that his sentence was substantively unreasonable. Both sentences were well within the applicable guideline ranges and well below the statutory maximums, which is evidence of reasonableness. Hunt, 526 F.3d at 746; United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008) (noting a sentence that is substantially below the maximum statutory penalty is another indicator of the reasonableness of that sentence). And it is clear that the district court considered Hernandez-Torres' history and characteristics by sentencing him to the low end of the guidelines range in order to account for "the situation with his daughter." By imposing his sentences consecutively, the district court followed the sentencing guideline, § 7B1.3(f), and took into account the circumstances of his offense — that he violated his

6

supervised release shortly after his earlier conviction.[1]  Hernandez-Torres has not demonstrated that, given those factors, a consecutive sentence was "greater than necessary" to meet the goals of sentencing.  18 U.S.C. §§ 3553(a), 3583(e).  As a result, we are not left with a "definite and firm conviction" that the sentence imposed here was outside the range of reasonable sentences dictated by the facts of the case.  See Irey, 612 F.3d at 1190.

**AFFIRMED.**

---

[1] Hernandez-Torres claims that by running the sentences consecutively he is being "punished twice" for the same conduct.  But the sentences are clearly for different conduct.  The revocation of his supervised release punishes him for violating the terms upon which the district court conditioned his release  By contrast, the sentence for illegal reentry punishes him for illegally reentering the country again.