[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-10233
Non-Argument Calendar
_____

D.C. Docket No. 2:05-cr-00045-SPC-MRM-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DONALD RAY HORNE,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 26, 2019)

Before JORDAN, JILL PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Donald Horne appeals his sentence of 21 months' imprisonment, which the district court imposed after revoking his supervised release, pursuant to 18 U.S.C. § 3583.  Horne challenges his sentence on two grounds.  First, he argues that his sentence violated the Fifth and Sixth Amendments because judicial factual findings triggered a prison term lasting longer than the maximum sentence for the underlying crime.  Second, Horne argues that his sentence was substantively unreasonable because of mitigating circumstances.

We conclude that Horne's first argument is foreclosed by binding precedent.  We also determine that the district court committed no abuse of discretion in imposing his sentence.  Therefore, after careful review, we affirm.

## I.    BACKGROUND

In 2005, Horne pleaded guilty to possession of ammunition as a person with a felony conviction, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).  The district court sentenced Holmes to 180 months' imprisonment and 5 years' supervised release.  The court enhanced his sentence pursuant to the Armed Career Criminal Act ("ACCA").

In 2016, Horne filed a motion under 28 U.S.C. § 2255 to vacate his enhanced sentence.  He argued that, based on the Supreme Court's invalidation of ACCA's residual clause in *Johnson v. United States*, 135 S. Ct. 2551 (2015), he no longer qualified as an armed career criminal.  Horne and the government jointly

stipulated that Horne no longer qualified as an armed career criminal and agreed that the district court should grant his § 2255 motion. Because Horne had already been imprisoned for 11 years and, absent the ACCA enhancement, would have faced a statutory-maximum sentence of 10 years' imprisonment and 36 months' supervised release, the government agreed that the district court should vacate its original judgment and sentence Horne to time served followed by 36 months' supervised release. The district court accepted the parties' stipulation, vacated Horne's judgment, and imposed a new sentence of time served and 36 months' supervised release.

The probation office subsequently petitioned for the revocation of Horne's supervised release. Pursuant to 18 U.S.C. § 3583(e), the district court "may . . . revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release" if the court finds by a preponderance of the evidence that the defendant violated the terms of his supervised release. 18 U.S.C. § 3583(e)(3). The district court held a revocation hearing, at which Horne admitted three violations: two instances of cocaine possession and one drug test that indicated cocaine use. The district court adjudicated Horne in violation of the terms of his supervised release and proceeded to sentencing. The court identified the advisory guideline range for the term of imprisonment resulting from the

3

supervised release violations as 21 to 24 months.  In mitigation, Horne highlighted the facts that upon his release from prison he was not provided with a structured re-entry program via a halfway house but still managed to secure employment and follow the law for about 18 months.  Horne also emphasized that he had served more than the maximum permitted for his § 922(g) conviction and already was serving a term of incarceration in state court for the drug-related conduct that formed the basis of the violations of his supervised release.  The government responded by explaining that Horne's criminal history was extensive:  by the time of his 2005 conviction, Horne had amassed 51 criminal history points, a score the government characterized as "astronomical."  Doc. 122 at 21.[1]

The district court stated that it had looked at "everything," including the sentencing factors in 18 U.S.C. § 3553(a),[2] Horne's guideline range, and the Sentencing Commission's policy statements.  *Id.* at 29.  It then imposed a 21-month sentence.

---

[1] "Doc. #" refers to the numbered entry on the district court's docket.

[2] Under § 3553(a), the district court is required to impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" of § 3553(a)(2)—the need to reflect the seriousness of the offense; promote respect for the law; provide just punishment; deter criminal conduct; protect the public from the defendant's future criminal conduct; and effectively provide the defendant with educational or vocational training, medical care, or other correctional treatment.  18 U.S.C. § 3553(a)(2).  The court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guidelines range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims.  *Id.* § 3553(a)(1), (3)-(7).

This is Horne's appeal.

## II.    STANDARDS OF REVIEW

This Court reviews the constitutionality of a statute *de novo*.  *United States v. White*, 593 F.3d 1199, 1205 (11th Cir. 2010).

We review for an abuse of discretion the reasonableness of the district court's sentence upon revocation of supervised release.  *United States v. Trailer*, 827 F.3d 933, 935 (11th Cir. 2016).  Under the abuse-of-discretion standard, we will affirm any reasonable sentence, even if we think that a different sentence would have been more appropriate.  *United States v. Irey*, 612 F.3d 1160, 1191 (11th Cir. 2010) (en banc).  The party who appeals the sentence bears the burden of showing that the sentence is unreasonable considering the record and the § 3553(a) factors.  *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

## III.    DISCUSSION

On appeal, Horne raises two arguments.  First, he argues that 18 U.S.C. § 3583(e)(3) violates the Fifth Amendment, the Sixth Amendment, and *Apprendi v. New Jersey*, 530 U.S. 466 (2000).  Section 3583(e) provides:

> The court may . . .  revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant

5

whose term is revoked under this paragraph may not be required to serve on any such revocation more than 5 years in prison if the offense that resulted in the term of supervised release is a class A felony, more than 3 years in prison if such offense is a class B felony, more than 2 years in prison if such offense is a class C or D felony, or more than one year in any other case . . . .

18 U.S.C. § 3583(e)(3).

Horne contends that the statute is unconstitutional because it permitted the district court to revoke his term of supervised release and impose a new term of imprisonment that exceeded the statutory maximum sentence available for his original crime of conviction without conducting a jury trial on the question of whether he violated his supervised-release conditions.

Second, Horne argues that the district court's 21-month sentence is substantively unreasonable. We address each of these issues in turn.

**A.    Horne Had No Right to a Jury Trial on the Question Whether He Violated His Supervised-Release Conditions.**

Horne argues that his 21-month sentence is unconstitutional. Specifically, he contends that because he already served the statutory maximum sentence for his original crime of conviction, the district court could not constitutionally impose a term of imprisonment that would bring his total time served above that maximum in the absence of jury findings supporting that new term of imprisonment. In support of this argument, Horne cites the Supreme Court's decision in *Apprendi* and its progeny. The government responds that the Supreme Court and this Court

6

have held that in the supervised-release context, no *Apprendi* violation occurs when judicial factfinding increases the term of incarceration. We agree with the government.

In *Apprendi*, the Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. Similarly, in *Alleyne v. United States*, 570 U.S. 99 (2013), the Supreme Court held that any fact that "aggravates the legally prescribed range of allowable sentences" for a crime is an "element" that must be submitted to a jury. *Alleyne*, 570 U.S. at 115-16. But the Supreme Court and this Court both have held that, although supervised-release violations often lead to reimprisonment, the violative conduct need only be found by a judge under the preponderance of the evidence standard, and not by a jury beyond a reasonable doubt. *Johnson v. United States*, 529 U.S. 694, 700 (2000); *United States v. Cunningham*, 607 F.3d 1264, 1268 (11th Cir. 2010) ("[W]e hold [that] § 3583(e)(3) does not violate the Fifth or Sixth Amendments because the violation of supervised release need only be proven by a preponderance of the evidence, and there is no right to trial by jury in a supervised release revocation hearing."). We are bound by this precedent. *See United States v. Brown*, 342 F.3d 1245, 1246 (11th Cir. 2003) (explaining that a prior panel precedent binds subsequent panels

7

unless or until it is overruled or undermined to the point of abrogation by this Court sitting en banc or by the Supreme Court).  Therefore, Horne has shown no violation of his Fifth and Sixth Amendment rights when the district court imposed a new term of imprisonment that exceeded the statutory maximum sentence available for his original crime of conviction without conducting a jury trial.  *See Johnson*, 529 U.S. at 700; *Cunningham*, 607 F.3d at 1268.

Horne requests a remand for resentencing, arguing that the Supreme Court's recent decision in *United States v. Haymond*, 139 S. Ct. 2369 (2019), cast fresh light on the constitutionality of § 3583(e)(3).  We disagree.  *Haymond* explicitly reserved the question whether § 3583(e)(3) violates *Apprendi*.  139 S. Ct. at 2382 n.7 ("[W]e do not pass judgment one way or the other on § 3583(e)'s consistency with *Apprendi*.").[3]  Because *Haymond* did not overrule or abrogate our precedent, Horne's argument fails.  *See Brown*, 342 F.3d at 1246.

**B.    The District Court's 21-Month Sentence Was Not an Abuse of Discretion.**

Horne argues that the district court's 21-month sentence is substantively unreasonable, reasoning that the district court failed to give sufficient weight to the facts that:  he had served excess time in prison for his underlying offense; he had been provided with no transitional program upon leaving prison and had worked

---

[3] Because we agree with the government on the merits of Horne's constitutional argument, we decline to address the government's contention that Horne waived that argument.

hard to stay employed before relapsing; and he would receive no federal credit for time that he currently is serving in state prison. The government responds that the district court did not abuse its discretion in imposing a consecutive 21-month sentence based on Horne's extensive criminal record. We again agree with the government.

This Court evaluates the reasonableness of a sentence the district court imposed by considering the totality of the circumstances. *Tome*, 611 F.3d at 1378. The district court must impose a sentence "sufficient, but not greater than necessary," to further the purposes listed in § 3553(a). *Kimbrough v. United States*, 552 U.S. 85, 101 (2007) (internal quotation marks omitted). Generally, the weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court. *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008). A district court commits a clear error of judgment, however, when it "considers the proper factors but balances them unreasonably" and imposes a sentence that "does not achieve the purposes of sentencing as stated in § 3553(a)," *Irey*, 612 F.3d at 1189-90 (internal quotation marks omitted). We will vacate a sentence if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Id.* at 1190 (internal quotation marks omitted). That a

9

sentence falls within the applicable guideline range is one indicator of its reasonableness.  *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008).  In contrast, a court's "single-minded[]" focus on one factor to the detriment of other relevant sentencing factors "is a symptom of an unreasonable sentence."  *United States v. Crisp*, 454 F.3d 1285, 1292 (11th Cir. 2006) (internal quotation marks omitted).

Here, the district court committed no clear error of judgment in determining an appropriate sentence.  The district court's 21-month sentence was within Horne's guideline range, which indicates its reasonableness.  *See Hunt*, 526 F.3d at 746.  Moreover, the district court was entitled to weigh more heavily Horne's extensive criminal history than the mitigating factors Horne highlighted.  *See Williams*, 526 F.3d at 1322.  Given the district court's statement that it considered "everything," Doc. 122 at 29, Horne cannot demonstrate that the court focused "single-mindedly" on his criminal history to the detriment of other relevant sentencing factors, *Crisp*, 454 F.3d at 1292.  For these reasons, Horne has failed to meet his burden to show that the district court's 21-month sentence was substantively unreasonable.

## IV.    CONCLUSION

For the foregoing reasons, we affirm the district court's sentence.

**AFFIRMED.**