[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-13391
Non-Argument Calendar
_____

D.C. Docket No. 1:08-cr-00212-MLB-1

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

DONTAYOUS TONARD CAMERON,

Defendant–Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(June 2, 2020)

Before MARTIN, ROSENBAUM and BLACK, Circuit Judges.

PER CURIAM:

Dontayous Cameron appeals the 24-month sentence he received pursuant to 18 U.S.C § 3583(e)(3) following the revocation of his term of supervised release. He argues for the first time on appeal that his sentence is unconstitutional under *United States v. Haymond*, 139 S. Ct. 2369 (2019), because it exceeded the statutory-maximum sentence for the underlying offenses when combined with his initial sentence, and it was predicated on facts found by the district court only by a preponderance of the evidence.

A district court may revoke a defendant's supervised release and impose a period of incarceration if it finds by a preponderance of the evidence the defendant violated the terms of his supervised release.  18 U.S.C. § 3583(e)(3).  The maximum imprisonment sentence that may be imposed upon revocation is determined by the felony class of the underlying offense that resulted in the supervised release term.  *Id.*

It is a cardinal rule of appellate review that a party may not challenge an alleged error when that party invited the district court to make that error.  *United States v. Carpenter*, 803 F.3d 1224, 1236 (11th Cir. 2015).  Thus, the party who invited or induced the error may not invoke the plain-error rule to reverse the district court's judgment.  *Id.*

Cameron is precluded under the invited-error doctrine from challenging his post-revocation sentence because he requested the district court impose an 18-

2

month post-revocation sentence, which would have resulted in the same issue of which he now complains—exceeding the statutory-maximum sentence for the underlying offenses when combined with his initial sentence. The statutory-maximum sentence for each of Cameron's § 922(g) convictions was 120 months' imprisonment, and he was sentenced to concurrent terms of 108 months' imprisonment. At his revocation hearing, Cameron, represented by the same attorney as he is now represented by on appeal, argued that a sentence of 18 months' imprisonment upon revocation was reasonable. When added together, Cameron's requested sentence of 18 months' imprisonment and initial sentence of 108 months' imprisonment would have yielded a total sentence of 126 months' imprisonment, exceeding the 120-month statutory-maximum sentence for the underlying convictions. Thus, Cameron is precluded from now arguing on appeal that his 24-month post-revocation sentence is unconstitutional because it exceeded the statutory-maximum sentence for the underlying offenses when combined with his initial sentence, as he expressly invited the court to impose such a sentence at his revocation hearing. *See Carpenter*, 803 F.3d at 1236.

And even if he weren't, he could not prevail on his claim. We have held that 18 U.S.C. § 3583(e), the statute under which Cameron was sentenced on revocation of his supervised release, is constitutional. *See United States v. Cunningham*, 607 F.3d 1264, 1265 (11th Cir. 2010). We are bound by that

3

precedent unless and until it is overruled or abrogated by the Supreme Court or by this Court sitting *en banc*. *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008).

United States v. Haymond*, 139 S. Ct. 2369 (2019), on which Cameron relies for his claim, did not abrogate our precedent. Rather, in *Haymond*, the Supreme Court invalidated only § 3583(k). *See Haymond*, 139 S. Ct. at 2384-85 (Gorsuch, J.); 139 S. Ct. at 2386 (Breyer, J.); *see also United States v. Doka*, 955 F.3d 290, 292 (2d Cir. 2000) ("*Haymond* did not undermine, let alone overrule, our precedent on the validity of § 3583(e)."). Therefore, even had Cameron not invited error, we would have remained bound by our precedent to reject his claim.

**AFFIRMED.**

4