[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-11745
Non-Argument Calendar
_____

D.C. Docket No. 4:99-cr-00026-CDL-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LEROY RICHARDSON,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(October 16, 2020)

Before MARTIN, HULL, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Defendant Leroy Richardson, who was previously convicted for being a

felon in possession of a firearm, appeals his 51-month prison sentence imposed upon revocation of supervised release. We discern no errors below and affirm Defendant's sentence.

## I.    BACKGROUND

In 1999, Defendant pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). The court imposed a 188-month prison sentence, to run consecutively to an undischarged state sentence, and 5 years' supervised release. While on supervised release after serving his federal prison sentence, Defendant sustained a Georgia conviction for child molestation and received a sentence of 25 years' imprisonment with the first 17 years to be served in confinement.

In 2017, a probation officer initiated revocation proceedings based on the Georgia offense, which violated the terms of Defendant's supervised release. The probation officer calculated a guideline range of 51 to 60 months' imprisonment.

At the revocation hearing, Defendant admitted the violation but sought a downward variance to one day consecutive to his state sentence, arguing that he was likely to die in state prison, given his age, health, and ineligibility for parole before reaching the age of 75. After adopting the probation officer's guideline calculation, the court rejected Defendant's request for a downward variance "based on the nature of the violation." The court then revoked Defendant's supervised

release and imposed a guideline sentence of 51 months' imprisonment, finding that the sentence was "an appropriate one" that "complies with the factors which are to be considered and referenced in 18 U.S.C. [§] 3583(e)" and "adequately addresses the totality of the circumstances." Defendant did not object to his sentence or the manner in which it was imposed.

## II.    DISCUSSION

On appeal, Defendant challenges the procedural reasonableness, substantive reasonableness, and constitutionality of his sentence. We address each argument in turn.

Under § 3583(e), a court may revoke supervised release and impose a prison sentence for all or part of the supervised-release term "after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)." 18 U.S.C. § 3583(e)(3). Absent from this list is § 3553(a)(2)(A), which directs a district court imposing a sentence to consider "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A).

Drawing on this absence, Defendant first argues that the district court was not permitted to consider § 3553(a)(2)(A), and that it therefore procedurally erred in denying his request for a downward variance based on the seriousness of his

3

offense.  Where, as here, a defendant does not object to the procedural reasonableness of his sentence, we review for plain error.  *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014).  We may correct a plain error only when (1) the district court erred, (2) the error was plain, (3) the error affected substantial rights, and (4) "the error seriously affected the fairness, integrity, or public reputation of judicial proceedings."  *Id.* (alteration accepted) (quotation marks omitted).

Defendant's argument is misguided.  For starters, nothing in the record suggests that the court considered the seriousness of the offense under § 3553(a)(2)(A).  Instead, the court denied a downward variance based on "the nature of the violation."  As evident from the court's language, it was invoking the factor identified in § 3553(a)(1)—"the nature and circumstances of the offense"— which § 3583(e) lists as a relevant consideration.  18 U.S.C. § 3553(a)(1), 3583(e)(3).

Even if the court had considered the seriousness of the offense, however, doing so would not warrant reversal.  In *Vandergrift*, we rejected the same argument Defendant now raises—"that it was impermissible to consider the factors set out under 18 U.S.C. § 3553(a)(2)(A)" in a revocation proceeding.  *Vandergrift*, 754 F.3d at 1308–09.  There, we held that the defendant could not establish plain error because "[t]he text of § 3583(e) does not . . . *explicitly* forbid a district court

4

from considering § 3553(a)(2)(A)," neither this Court nor the Supreme Court had "addressed whether it is error to consider a factor listed in § 3553(a)(2)(A) when imposing a sentence after revoking supervised release," and the circuits were split on the issue. *Id.* (emphasis in original). It remains true that binding precedent has not held that a court imposing a revocation sentence errs by considering § 3553(a)(2)(A). Accordingly, Defendant is not entitled to relief on this ground.

Next, Defendant argues that his sentence was substantively unreasonable because the district court selected a sentence based solely on Defendant's new offense without considering his age, current state sentence, and health conditions. We review the substantive reasonableness of a sentence imposed upon revocation of supervised release for an abuse of discretion. *United States v. Gomez*, 955 F.3d 1250, 1255 (11th Cir. 2020). "A district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (quotation marks omitted). "Even if we disagree with how the district court weighed the sentencing factors, we will only reverse a procedurally proper sentence if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of

5

reasonable sentences dictated by the facts of the case." *Gomez*, 955 F.3d at 1257 (quotation marks omitted).

Here, Defendant's 51-month sentence was not substantively unreasonable. Although the court was required to consider the factors identified in § 3583(e), failure to discuss each of those factors on the record is not an abuse of discretion. *Id.* at 1257–58. The record shows that the district court listened to Defendant's argument for a downward variance and noted that it had considered the guideline range, the § 3583(e) factors, and the totality of the circumstances in selecting a sentence. *See id.* at 1257 ("It is sufficient that the district court considers the defendant's arguments at sentencing and states that it has taken the § 3553(a) factors into account." (quotation marks omitted)). Further, the court properly cited the nature of the offense as a primary reason for imposing 51 months' imprisonment. 18 U.S.C. §§ 3553(a)(1), (a)(4)(B), 3583(e)(3). We discern no abuse of discretion in the court's decision to weigh that factor more heavily than others, particularly because Defendant's conviction for child molestation was a substantive violation of the terms of his supervised release, rather than a mere technical violation, and the sentence imposed was at the low end of the guideline range. *See Gomez*, 955 F.3d at 1260 (noting that we ordinarily expect that a sentence within the guideline range is reasonable).

Finally, Defendant argues that § 3583 is unconstitutional under the Fifth and Sixth Amendments because the district court's factual findings trigger an additional term of imprisonment that will last longer than the original sentence. We review the constitutionality of a statute for plain error when, as here, a defendant raises a constitutional challenge for the first time on appeal. *United States v. Valois*, 915 F.3d 717, 729 n.7 (11th Cir. 2019).

To his credit, Defendant acknowledges that we have held that "§ 3583(e)(3) does not violate the Fifth or Sixth Amendments." *United States v. Cunningham*, 607 F.3d 1264, 1268 (11th Cir. 2010). But he nevertheless argues that § 3583(e)'s constitutionality must be reconsidered in light of the Supreme Court's decision in *United States v. Haymond*, which held that 18 U.S.C. § 3583(k) violated the Fifth and Sixth Amendments because it triggered a mandatory minimum sentence upon revocation of supervised release based on judge-found facts. 139 S. Ct. 2369, 2373, 2378 (2019) (plurality opinion); *id.* at 2386 (Breyer, J., concurring). *Haymond*, however, could not have abrogated our precedent because it expressly declined to address whether § 3583(e) is constitutional. *Id.* at 2382 n.7 (plurality opinion) ("[W]e do not pass judgment one way or the other on § 3583(e)'s consistency with *Apprendi*."); *see id.* at 2386 (Breyer, J., concurring) (distinguishing between § 3583(k) and § 3583(e)). Because we remain bound by *Cunningham*, Defendant has failed to show that the district court plainly erred in

imposing an additional prison sentence under § 3583(e). *See United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008) ("[A] prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting *en banc*.").

## III.  CONCLUSION

Because the district court did not err, plainly or otherwise, in imposing a 51-month term of imprisonment upon revocation of supervised release, we affirm Defendant's sentence.

**AFFIRMED.**