[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-10490

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DANIEL STUART ADDISON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:08-cr-00204-KD-N-1

_____

Before WILSON, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Daniel Addison appeals the district court's 8-month term of imprisonment imposed upon the revocation of his supervised release. As applied to him, Addison argues that 18 U.S.C. § 3583(e)(3) is unconstitutional under the Fifth and Sixth Amendments because it extends the original sentence beyond the statutory maximum based on judge-found facts rather than facts found by a unanimous jury beyond a reasonable doubt. After careful review, we affirm the district court's 8-month sentence.

## I.

In 2008, Addison was convicted of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). Section 922(g)(1) carries a maximum term of imprisonment of 10 years. 18 U.S.C. § 924(a)(2). As a result, a conviction under § 922(g)(1) is a Class C felony. *See id.* § 3559(a) (defining a Class C felony as an offense with a maximum term of imprisonment of "less than twenty-five years but ten or more years"). For a Class C felony, the authorized term of supervised release is no more than 3 years. *Id.* § 3583(b)(2). The district court sentenced Addison to the statutory maximums of 10 years' imprisonment with 3 years of supervised release.

After serving his 10 years in prison, Addison began his supervised release term. His supervision was revoked twice, resulting in

additional prison time of 12 months.  At issue is Addison's third revocation of his supervised release following the violations of failing to timely report to the probation office, committing a new criminal offense, and associating with felons.  Addison moved to dismiss the revocation petition, arguing that it was unconstitutional to sentence him to prison since he already served the maximum period under § 924(a)(2) of 10 years.  At the revocation hearing, there was a dispute between the district court judge and Addison's counsel about what the maximum sentence was here.  Addison's counsel argued that it was 10 years, which only considers his maximum term of imprisonment.  The district court indicated that Addison's maximum sentence was either 12 or 13 years, which included the 10-year term of imprisonment and the 3 years of supervised release or 2 years of imprisonment for violating his supervised release.  Since Addison's total time of imprisonment was below that, there could be no potential constitutional violation.  Accordingly, the district court denied Addison's motion to dismiss the revocation petition and sentenced Addison to 8 months' imprisonment for his third instance of revocation, thus bringing his total time of imprisonment up to 11 years and 8 months.  This timely appeal followed.

## II.

We review the constitutionality of a statute de novo. *United States v. Cunningham*, 607 F.3d 1264, 1266 (11th Cir. 2010) (per curiam).

On appeal, Addison argues that his revocation sentence increases his prison time to almost 12 years, which is more than the statutory maximum of 10 years. According to Addison, this amounts to a constitutional violation because "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000).

Section 3583(e)(3) authorizes the district court to revoke a defendant's supervised release if the court finds by a preponderance of evidence that the defendant violated the conditions of his supervised release. 18 U.S.C. § 3583(e)(3). The court may "require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision." *Id.* If the offense that resulted in the term of supervised release is a Class C felony, then the court may not sentence the defendant to more than two years of imprisonment for violating the terms of their supervised release. *Id.*

Addison argues that the maximum sentence for his offense was 10 years. He argued the same in the district court and urged the "upper courts . . . to just clarify a bright line" rule about a defendant's maximum sentence. But a review of our precedent shows that a "a sentence can have multiple components, including imprisonment, *supervised release*, and fines." *Andrews v. Warden*, 958 F.3d 1072, 1080 (11th Cir. 2020) (emphasis added). When a district court sentences a defendant to imprisonment for violating the

conditions of his supervised release, that "new prison term" is "part of his original sentence but not his original term of imprisonment." *Id.*; *see also Johnson v. United States*, 529 U.S. 694, 712 (2000) (referring to a term of imprisonment during supervised release as a "new prison term"). Thus, a district court can sentence a defendant to imprisonment for violating his supervised release even though the defendant's sentence included an original term of imprisonment equal to the maximum amount prescribed for his original offense.[1] *Id.*

Applying those principles to this case, Addison's maximum sentence is 13 years: 10 years of imprisonment authorized by § 924(a)(2) and 3 years of supervised release authorized by § 3583(b)(2). Addison served his original term of 10 years in prison and due to his multiple violations of his supervised release, he served an additional 12 months of imprisonment and is serving another term of imprisonment of 8 months. He has not served more prison time than his maximum sentence, so his argument on appeal is misplaced. The case might be different if Addison had to serve more than 13 years imprisonment, which the district court called the "danger zone." *See e.g.*, *United States v. Moore*, 22 F.4th 1258, 1273 (11th Cir. 2022) (Lagoa, J., concurring) (expressing concerns

---

[1] As discussed below, we have expressly held that the holding in *Apprendi* that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt[,]" 530 U.S. at 490, does not apply in the context of supervised release revocation hearings. *Cunningham*, 607 F.3d at 1266–68.

6                          Opinion of the Court                      22-10490

about imposing a total term of imprisonment in excess of a defendant's maximum sentence). But since Addison is currently below that upper limit, his claim that his 8-month term of imprisonment for violating his supervised release is unconstitutional fails.

We recognize that there is currently a split in the Supreme Court as to how to calculate a defendant's maximum sentence as shown by the Court's decision in *United States v. Haymond*, 139 S. Ct. 2369 (2019). The statute at issue there was § 3583(k), which mandates that the court impose a minimum term of imprisonment of 5 years if the defendant violated his supervised release by committing one of several enumerated offenses. *Id.* at 2374. The defendant there was found to have knowingly possessed images of child pornography while on supervised release, so he was subject to the 5-year minimum sentence under subsection (k). *Id.* A plurality of the Court held that § 3583(k) is unconstitutional because it "increased 'the legally prescribed range of allowable sentences' in violation of the Fifth and Sixth Amendments." *Id.* at 2378 (citing *Alleyne v. United States*, 570 U.S. 99, 115 (2013)).

Although the plurality's holding was limited to § 3583(k), it discussed the potential impacts of its decision on § 3583(e)(3). *Id.* at 2384. Under the plurality's view, a defendant's maximum sentence is his maximum term of imprisonment and not his maximum term of supervised release. *Id.* The plurality explained that "[i]n most cases (including this one), combining a defendant's initial and post-revocation sentences issued under § 3583(e) will not yield a term of imprisonment that exceeds the statutory maximum term

22-10490              Opinion of the Court                    7

of imprisonment the jury has authorized for the original crime of conviction." *Id.* "[B]ecause 'courts rarely sentence defendants to the statutory maxima' . . . § 3583(e)(3) turns out to raise Sixth Amendment issues in a small set of cases[.]" *Id.* Thus, under this view, Addison's sentence would raise constitutional issues because he was sentenced to the maximum term of imprisonment for his original conviction.

Justice Breyer concurred in the judgment of the plurality's decision that § 3583(k) is unconstitutional. *Haymond*, 139 S. Ct. at 2385–86 (Breyer, J., concurring). His opinion is narrower than the plurality's because he did "not transplant the *Apprendi* line of cases to the supervised release context" and he did not express any view that § 3583(e)(3) could be unconstitutional. *Id.* Instead, he suggested that § 3583(e)(3) is constitutional because the revocations of supervised release "are limited by the severity of the original crime of conviction, not the conduct that results in revocation." *Id.* at 2386. In contrast, § 3583(k) imposed higher terms of imprisonment when a defendant violates the terms of his release by committing "a discrete set of federal criminal offenses specified in the statute." *Id.* Nor does the statute give the judge any discretion in imposing a lesser penalty, but mandates a 5-year minimum term of imprisonment. *Id.* Justice Breyer concluded that "these features of § 3583(k) more closely resemble the punishment of new criminal offenses, but without granting the defendant the rights, including the jury right, that attend a new criminal prosecution." *Id.*

As Justice Breyer's concurring opinion is narrower than the plurality's, it is controlling.[2] Justice Breyer "agree[d] with much of the dissent." *Id.* The only aspect that Justice Breyer seemed to disagree with was the constitutionality of § 3583(k). That said, nothing in Justice Breyer's concurrence displaces our precedent about the constitutionality of § 3583(e)(3). Accordingly, we continue to apply our precedent under *Cunningham. See United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008) (explaining that under our prior precedent rule, "a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting *en banc.*").

In *Cunningham*, we rejected the defendant's argument that "additional imprisonment imposed under § 3583(e)(3) constitutes a violation of due process under the Fifth Amendment and the right to a jury trial under the Sixth Amendment, as interpreted by *Apprendi.*" 607 F.3d at 1266. As Addison makes the same argument here, his argument is foreclosed by our holding in *Cunningham* that "§ 3583(e)(3) does not violate the Fifth or Sixth Amendments

---

[2] *See Marks v. United States*, 430 U.S. 188, 193 (1977) ("When a fragmented Court decides a case and no single rationale explaining the result enjoys the assent of five Justices, 'the holding of the Court may be viewed as that position taken by those Members who concurred in the judgment[] on the narrowest grounds . . . .'"); *see also United States v. Moore*, 22 F.4th 1258, 1268 (11th Cir. 2022) ("Justice Breyer's concurrence in *Haymond* . . . is the controlling opinion.")

22-10490               Opinion of the Court                    9

. . . and there is no right to trial by jury in a supervised release revocation hearing." *Id.* at 1268.  We also reject Addison's arguments relying on *Haymond* because the controlling opinion in *Haymond* only addressed § 3583(k) and "did not address whether . . . § 3583(e)[] was consistent with *Apprendi.*" *Moore*, 22 F.4th at 1268.

## III.

In sum, we hold that Addison's sentence was not unconstitutional because his term of imprisonment did not exceed his maximum sentence of 13 years.  We therefore conclude that the district court did not err in sentencing Addison to 8-months imprisonment for his third violation of his supervised release.

**AFFIRMED.**