[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-12371

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JAMES L. LIGHT, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:05-cr-00341-SCB-JSS-1

_____

Before JORDAN, LAGOA, and BLACK, Circuit Judges.

PER CURIAM:

James Lawrence Light, Jr. appeals following his revocation of supervised release. Light asserts the district court erred when it revoked his supervised release because it based its revocation on unreliable hearsay evidence in violation of *United States v. Frazier*, 26 F.3d 110 (11th Cir. 1994), and this error was not harmless. After review,[1] we affirm the district court.

A district court may revoke a defendant's term of supervised release if it finds, by a preponderance of the evidence, that the defendant violated a condition of his supervised release. 18 U.S.C. § 3583(e)(3); *United States v. Cunningham*, 607 F.3d 1264, 1266 (11th Cir. 2010). This standard "requires the trier of fact to believe that the existence of a fact is more probable than its nonexistence." *United States v. Trainor*, 376 F.3d 1325, 1331 (11th Cir. 2004) (quotation marks omitted).

The Federal Rules of Evidence do not apply in revocation proceedings, but certain minimal due process requirements apply

---

[1] A district court's revocation of supervised release is reviewed for abuse of discretion, *Frazier,* 26 F.3d at 112, and we review "evidentiary decisions only for a clear abuse of discretion," *United States v. Novaton*, 271 F.3d 968, 1005 (11th Cir. 2001). "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making its determination, or makes clearly erroneous factual findings." *United States v. Giron*, 15 F.4th 1343, 1345 (11th Cir. 2021).

to the revocation of supervised release, including those incorporated into Federal Rule of Criminal Procedure 32.1. *Frazier*, 26 F.3d at 114. Among other things, Rule 32.1 provides that a judge must provide a defendant "an opportunity to appear, present evidence, and question any adverse witness unless the court determines that the interest of justice does not require the witness to appear." Fed. R. Crim. P. 32.1(b)(2)(C).

"[I]n deciding whether or not to admit hearsay testimony" in a supervised release revocation hearing, a district court "must balance the defendant's right to confront adverse witnesses against the grounds asserted by the government for denying confrontation." *Frazier*, 26 F.3d at 114. It is error to "not engage in this balancing test," and a violation of a defendant's due process rights. *Id.* "In addition, the hearsay statement" the government seeks to use against the defendant "must be reliable." *Id.* In *Frazier*, we determined the district court erred by failing to make findings on whether the hearsay was reliable and failing to "weigh Frazier's right of confrontation against the government's reason for not producing the witness." *Id.* Still, we concluded the error was harmless because, even absent the challenged evidence, there was sufficient evidence to find that Frazier had violated the terms of his supervised release. *Id.*

The district court found Light had committed four violations of his supervised release: (1) failing to submit to a periodic urinalysis drug screening on April 26, 2023, as directed by his probation officer (Violation One); (2) failing to report to the U.S.

Probation Office on April 26, as directed by his probation officer (Violation Two); (3) failing to participate in drug treatment based on his discharge from the program on May 2, 2023, after 21 days of non-attendance (Violation Three); and (4) failing to report on June 6, 2023, as directed by his probation officer via certified mail sent on May 26, which was returned as refused and unable to forward (Violation Four).  This appeal asserts the district court committed *Frazier* error as to the evidence it used to find Light committed Violation Four, specifically the certified mail envelope returned to Light's probation officer marked "return to sender," "refused," and "unable to forward." The Government concedes the district court erred under *Frazier* but argues the error is not reversible.

While we are not required to accept the Government's concessions, *see United States v. Lee*, 586 F.3d 859, 866 (11th Cir. 2009), the parties are correct that: (1) the district court failed to conduct *Frazier* balancing in admitting the challenged hearsay statement during the final revocation hearing; and (2) the district court relied, at least in part, on the challenged evidence in finding that Light violated the terms of his supervised release, *Frazier*, 26 F.3d at 114. The court's failure to weigh Light's "right of confrontation against the [G]overnment's reason for not producing the witness," as our precedent required, constituted an error that violated Light's due process rights.  *Id.*

Considering the entirety of the record, however, we conclude the district court's error was harmless.  *See United States v. Leonard*, 4 F.4th 1134, 1144 (11th Cir. 2021) (reviewing for harmless

error, and examining the error "for its prejudicial effect, considering whether it resulted in an unfair trial for the defendant before us"); *Frazier*, 26 F.3d at 114 (concluding error was harmless because, even absent the challenged evidence, there was sufficient evidence to find Frazier had violated the terms of his supervised release).[2]

The admission of the evidence did not result in an unfair proceeding for Light.  *See Leonard*, 4 F.4th at 1144.  The district court's *Frazier* error did not prevent Light from arguing he did not commit Violation Four and never received the certified letter.  The district court heard his arguments and testimony on this issue and disbelieved it.  *See United States v. Ramirez-Chilel*, 289 F.3d 744, 749 (11th Cir. 2002) ("[C]redibility determinations are typically the province of the fact finder because the fact finder personally observes the testimony and is thus in a better position than a reviewing court to assess the credibility of witnesses."); *United States v. Vazquez*, 53 F.3d 1216, 1225 (11th Cir. 1995) ("[W]hen a defendant takes the stand in a criminal case," a fact-finder "may make adverse determinations about his credibility and reject his explanation as a complete fabrication.").

Omitting the hearsay statements, sufficient evidence supported that Light committed the other three supervised release

---

[2]The *Leonard* and *Frazier* standards have both been used in this Court's harmless error analyses.  We need not decide which of these standards is correct in this case because regardless of which of these standards apply, we conclude the error was harmless.

violations he was charged with. *See Frazier*, 26 F.3d at 114. The other three violations were for the same category of violation, so his grade would remain the same even without Violation Four. *See* U.S.S.G. § 7B1.1(a)(3), (b) (providing the overall grade in any revocation proceeding is set by the grade of the most serious violation of conditions). These violations would have led to an identical guidelines range of 8 to 14 months' imprisonment. *See* U.S.S.G. § 7B1.1(a)(3). Light was sentenced to the 8-month bottom of this range. Even absent finding Light committed Violation Four, there was sufficient evidence to find Light violated the terms of his supervised release in Violations One through Three. *See Frazier*, 26 F.3d at 114; *see also* Fed. R. Crim. P. 52(a) ("Any error, defect, irregularity, or variance that does not affect substantial rights must be disregarded.").

Thus, the district court's *Frazier* error was harmless.

**AFFIRMED.**