[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-10548

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

GLENN EDWARD MCKENNIE, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:18-cr-60277-WPD-1

_____

Before WILSON, LUCK, and BLACK, Circuit Judges.

PER CURIAM:

Glenn Edward McKennie, Jr. appeals the revocation of his supervised release and the sentence imposed after revocation of his supervised release. After review, we affirm.

## I.  DISCUSSION

### A.  *Revocation of Supervised Release*

Section 3583(e) permits a district court, upon finding by a preponderance of the evidence that a defendant has violated his conditions of supervised release, to revoke the term of supervised release and impose a term of imprisonment after considering certain factors set forth in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3583(e)(3). Section 3553(a) provides that district courts must first consider, *inter alia*, the history and characteristics of the defendant. *See* 18 U.S.C. § 3553(a).

Moreover, "[c]redibility determinations are typically the province of the fact finder because the fact finder personally observes the testimony and is thus in a better position than this Court to assess the credibility of witnesses." *United States v. Grushko*, 50 F.4th 1, 11 (11th Cir. 2022) (quotation marks and alteration omitted). We accordingly give substantial deference to a fact finder's credibility determinations. *Id.*

The district court did not abuse its discretion in finding McKennie, Jr. violated the terms of his supervised release and in

revoking McKennie, Jr.'s supervised release. *See United States v. Cunningham*, 607 F.3d 1264, 1266 (11th Cir. 2010) (reviewing the revocation of supervised release for abuse of discretion); *United States v. Copeland*, 20 F.3d 412, 413 (11th Cir. 1994) (reviewing the district court's finding a defendant violated the terms of his supervised release for abuse of discretion). Despite McKennie, Jr.'s argument the fingerprint evidence was flawed, and he had two brothers and a father with virtually the same name, the district court found "that the three fingerprint cards [we]re for the same person," meaning that McKennie, Jr. "was the same defendant who was [sentenced in the 2018 case], the same defendant who was [sentenced in the 2021 case], and the same defendant who was in the park and was told to report and deliberately didn't report because he thought he could pull a fast one and get away with it because of the similarities between his brother and his dad's names." Further, the district court found, based in part on the report from McKennie, Jr.'s evaluating psychologist, that he had been "attempting to impress as mentally impaired" and "fabricated psychiatric impairment." The court found he was "malingering with the . . . psychologist" and "feigning misunderstanding here today." The district court is in a better position to assess the credibility of McKennie, Jr., and found his claims of mistaken identity incredible. *See Grushko*, 50 F.4th at 11. This was not an abuse of the district court's discretion.

B. *Sentence*

While we typically review the imposition of a sentence upon revocation of supervised release for reasonableness, we review an objection to the reasonableness of a sentence raised for the first time on appeal for plain error. *See United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014). If the explicit language of a statute or rule does not resolve an issue, plain error lies only where this Court's or the Supreme Court's precedent directly resolves it. *United States v. Moore*, 22 F.4th 1258, 1266 (11th Cir. 2022). McKennie, Jr. cannot show plain error in the district court's sentence. He cannot and does not point to any precedent establishing his mental issues warranted a lower sentence or that the court had to articulate specific reasoning for imposing consecutive sentences. *See id.* Thus, he cannot prevail under plain error review.

Nor can he succeed under a reasonableness standard because the district court's assessment of the relevant 18 U.S.C. § 3553(a) factors was reasonable. *See* 18 U.S.C. § 3583(e)(3). While McKennie, Jr. asserts the district court failed to adequately consider his history and characteristics, the district court did consider that factor, just not in the way McKennie, Jr. desired. Rather, the district court heavily weighed its finding that he lied under oath and tried to deceive his probation officer and the court. This was within the district court's discretion. *See United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir. 2007) (explaining the weight to be assigned to any sentencing factor under § 3553(a) is committed to the district court's discretion). Additionally, the district court was clear

that McKennie, Jr.'s continuation of the mistaken identity claim would lead to severe sentencing consequences. The decision to run the sentences for the violation in two cases consecutively rather than concurrently was well within the district court's discretion. *See United States v. Sweeting,* 437 F.3d 1105, 1107 (11th Cir. 2006). McKennie, Jr.'s sentence is reasonable.

## II.  CONCLUSION

The district court did not err in revoking McKennie, Jr.'s supervised release or in imposing a 27-month sentence for violating the terms of his supervised release.

**AFFIRMED.**